DOANE et al. *v.* GLENN et al.

JUDGMENT — *what is final.* A judgment in favor of interpleading claimants in an attachment suit is final, and the plaintiff in attachment may prosecute a writ of error to reverse such judgment.

*Error to District Court, Arapahoe County.*

UPON motion to dismiss the writ of error.

Messrs. FRANCE & ROGERS, in support of the motion.

Messrs. CHARLES & ELBERT, *contra.*

BELFORD, J.   At the December term of the Arapahoe district court, for the year 1870, the plaintiffs in error caused to be sued out of the clerk's office of said court a writ of attachment against Oliver S. Glenn and Rufus E. Talpey, which writ was duly levied on seven hundred head of cattle, alleged to be owned by the defendants in the attachment suit.   At the same term of court, Lockhart T. Glenn and George O. Talpey appeared as interpleading claimants under section 21 of the attachment act, alleging that they were the owners of the property theretofore attached, and demanding restitution of the same.   Issues were joined, a trial had, a verdict rendered in favor of the interpleading claimants.   Motion for new trial overruled and judgment entered on the verdict.   From this judgment Doane & Co. have prosecuted a writ of error, and the interpleading claimants having made a motion to dismiss the same, the only subject for present consideration is, does a writ of error lie to a judgment in favor of these claimants, or in other words, is it such a final judgment as can be brought to this court for review.

The authorities all concur in holding that, to authorize a writ of error, it is necessary that there should be a final judgment or determination upon the matter in controversy in the inferior court, and it is never employed merely to bring up interlocutory decisions or discretionary orders

VOL. I. — 53

made pending the litigation. Usually, this writ, being a common-law writ, is directed only to courts proceeding after the course of the common law. In the cases of *Forgay* v. *Conrad*, 6 How. 201, and *Beebee* v. *Russell*, 19 id. 283, it is said : When a decree decides the right to property and directs it to be delivered up or sold, and the complainant is entitled to have such decree carried into immediate execution, it is a final decree. The judgment below is in the following form : * * * "Therefore, all and singular, the premises being seen, and by the court here fully understood, it is considered by the court, that the property taken by virtue of the writ of attachment in this cause be delivered up to the said Lockhart T. Glenn and George O. Talpey, and that a writ of *retorno habendo* be awarded and issued therefor ; and it is further considered by the court, that the said interpleading claimants do have and recover, of and from the said plaintiffs, their costs, by them in and about this said suit, in this behalf, laid out and expended, taxed at        , and have execution therefor."

This, most clearly, is a complete determination of the rights of the attaching plaintiffs and interpleading claimants.

This judgment would be a bar, in behalf of the latter, against any further suits instituted by the former parties. It operates as a release to the attachment lien and leaves the claimants at liberty to take the property when and whithersoever they please. It established their title to the cattle, not only against the attaching plaintiffs but against the attaching defendants, for no court would permit or suffer the defendants in the original suit to assert ownership after standing by, and without interposing any objection or supplying any evidence, allow a third party to make proof of title to the property in litigation, which would result in the ruin of the rights of the attaching plaintiffs.

The rule laid down by the supreme court of the United States is, that when a decree decides the right to property and directs it to be delivered up, it is a final decree, and

does not the judgment or decree above set forth come clearly within it?

What remains to be done by the claimants? — nothing, but await delivery. The power of the court in the premises is at an end. The issues formed by the parties have received a judicial determination, that is final, so far as the district court can make a finality, and the judgment so entered must stand as the unquestionable and unassailable evidence of the claimant's right to the property adjudicated, until reversed or set aside by a superior tribunal.

No principle can be more just than the one that asserts that all proceedings of inferior courts, which conclusively affect the rights or property of persons, ought to be subject to the revision or correction of a higher tribunal. Blackstone says: "A judgment is the sentence of the law pronounced by the court on the matter contained in the record." Did not the court pronounce the sentence of the law in the matter before it, and contained in the record made by the parties? Coke says: "A writ of error does not lie, without a judgment or an award in the nature of a judgment." Is not the order of the court below, that the attachment lien be set aside and the property delivered up to the claimants, an award in the nature of a judgment? It was final, as it respected the district court, for it did all it could do in the case.

If we are to be governed by the words which Coke lays down as a test of what is a final judgment, namely, "*ideo consideratum est*," then we must regard this as a final judgment.

Tidd, in his excellent work on Practice, volume 2, page 1134, says: "A writ of error is an original writ, and lies when a party is aggrieved by an error in the foundation, proceeding, judgment or execution of a suit in a court of record. And whenever a new jurisdiction is erected by act of parliament, and the court or judge that exercise this jurisdiction act as a court or judge of record according to the course of the common law, a writ of error lies on that judgment; but when they act in a summary way, or in a

new course different from the common law, then writ of error lies not, but a certiorari."

In Bacon's Abridgment, volume 3, page 330, the doctrine is laid down as follows: "Where the primary tribunal is a court of record, a writ of error is the proper process for the removal of the proceedings when they were according to the course of the common law in the first instance, or have assumed a common-law shape subsequently; but when they are summary, or the magistrate is not the judge of a court of record, the remedy is by certiorari." In the case of *Huse* v. *Grimes*, 2 N. H. 210, the court say: "A writ of error is grantable *ex debito justiciae;* it is a matter of right, and lies in all cases where the court, whose proceedings are complained of, acts as a court of record according to the course of the common law."

"A certiorari is said to lie in all cases where a writ of error does not. As it respects individuals, it issues *ex mero gratia* on petition. It lies to remove indictments from inferior jurisdictions to the court of king's bench for trial; also, to reverse the doings of inferior jurisdictions, whose powers are given them by statute, whose mode of proceeding is unknown to the common law, and who render their doings effectual not by a judgment technically called, but by orders to be executed in a summary way, such as orders for laying out of highways and removal of paupers." While the right to file an interplea in the method pursued below is derived from the statute, yet the statute does not point out the mode of trial or the nature of the judgment to be rendered; these are both governed by the common law. The issues are joined, trial by jury had, verdict pronounced and judgment awarded. The court is a court of record, and its proceedings are all in accordance with the common law. Taking the distinction between a writ of error and a certiorari laid down by the New Hampshire court to be a true one, into which class of cases therein named does the one at bar necessarily fall? Here was a judgment rendered in a court of record proceeding according to the course of the common law. The judg-

ment was a common-law judgment, and not an order to carry into effect certain proceedings in a summary way. This case then has all the requisites to be the foundation of a writ of error. The other points mentioned by counsel for defendants will be decided when properly brought before us.

The motion to dismiss the writ of error must be denied.

*Motion denied.*