Wilson, J.
This action was commenced by appellant in the county court of Arapahoe county to recover against the defendant, W. P. Gabriel, on certain promissory notes. A writ of attachment in aid was issued upon the ground alleged in the affidavit that the defendant had “ fraudulently conveyed and transferred his property, so as to hinder and delay his creditors,” and that he had fraudulently contracted the debt, and by false representations and false pretenses procured the property of plaintiff. The defendant, within proper time, filed a traverse of the affidavit. By virtue of this writ of attachment certain personal property was levied upon as the property of the defendant. Thereafter, the appellees, under the provisions of the attachment law, filed a petition in intervention, claiming the right to the possession of the attached property by virtue of a chattel mortgage owned by them. On January 14, 1897, the issues raised by the traverse in attachment came up for trial, and the verdict of the jury was in favor of the defendant. Judgment was immediately entered accordingly, and from this the plaintiff prayed an appeal to the district court, which was allowed on condition that he file a proper bond in appeal within ten days. Two days thereafter, the intervention came up for hearing upon the petition of interveners, the answer of plaintiff and the replication thereto, and judgment was rendered in favor of *58 the interveners, — that they were entitled to the possession of the property, and that they recover their costs. On the 18th of January — two days thereafter — the plaintiff filed his bond in his appeal from the judgment upon the traverse in attachment. The bond was in the amount fixed by the court, but ran both to Gabriel, defendant and the interveners reciting’ (which was not correct) that judgment liad been rendered by the court that defendant and interveners retain the property sued for, and that from this judgment the plaintiff had prayed for and obtained an appeal to the district court. On March 10th, following, the main case coming on for trial, the defendant Gabriel did not appear, and judgment was entered up against him, in favor of the plaintiff, on the notes upon which the action had been based. From this, it appears that plaintiff also prayed an appeal to the district court, which was allowed upon condition that he file his bond in a certain sum. This bond was also filed. The transcript of proceedings was taken to the district court by the plaintiff, and when the cause was reached in its regular order in that court, the court held that there was no appeal bond in the attachment case; and, upon motion of counsel for interveners, dismissed the appeal as to the interveners, and, upon motion of the defendant Gabriel, also dismissed the appeal on the attachment proceedings, including the traverse of the attachment itself, on the ground that there was no appeal taken from the judgment of the county court sustaining the traverse to the attachment. From the judgment of dismissal as to the interveners, the plaintiff appeals to this court.
With the action of the court in dismissing the appeal from the judgment of the county court upon traverse of the attachment, we have no concern, because such order was not appealed from, and Gabriel is not a party in this court. With reference to the order of the court, dismissing the appeal as to the interveners, and rendering judgment in their favor, we think there was no error. The intervention in the county court was in the nature of a separate and independent suit between the interveners (as plaintiffs) and the appellee, *59 who was the attachment creditor, as defendant. The judgment in this proceeding was a final one, from which an appeal would lie. The appellee, however, did not appeal from it, nor make any effort to do so. He neither prayed an appeal, gave notice of it, nor asked the court, which was necessary, to fix the amount of an appeal bond. This he should have done in order to have obtained any standing in the district court. Laws, 1855, pp. 158, 159, sec. 2; Doane v. Glenn, 1 Colo. 417; Kinnear v. Flanders, 17 Colo. 11.
Having neither perfected nor prayed an appeal, the court was correct in refusing to consider the case of the intervention, and dismissing the attempted appeal in that respect.
The appellant insists, however, that the court erred, because, even though the bond which he attempted to give was defective, the statute expressly provides that a cause should not be dismissed on that ground, provided the appellant should, in a reasonable time to be fixed by the court, file a good and sufficient undertaking. Laws, 1885, pp. 159,160. sec. 5; Mills’ Ann. Stats, sec. 1089. In reply to this, it is only necessary to say that in this instance there was no bond at all filed, nor any appeal allowed, from the judgment of the county court in favor of the interveners. Even if there had been, it does not appear from the record that the appellee made any request for permission to file any amended bond. In case of a defective undertaking, the statute gives to an appellant from the county court to the district court the privilege of filing a proper undertaking, but we do not understand that the court has the right or power to compel its filing, unless the appellant desires or requests it; it is a privilege of which the appellant may avail himself or not, as he wishes. If he desires it, it is his duty to request it. This would seem to be the holding of our supreme court upon this precise section of the statute. Wheeler v. Kuhns, 9 Colo. 197.
There being no error in the action of the district court, the judgment will be affirmed.

Affirmed.