## St. John v. Wallace.

### I. Per Wright, J.

1. Bill of exceptions: WHEN CERTIFIED BY BYSTANDERS. When by agreement of parties the time for settling a bill of exceptions is extended beyond the term, it is not competent to settle the same by the certificate of bystanders, where the judge refuses to sign the bill as drawn by the party excepting. Section 3110 of the Revision contemplates, that this method of settling the exceptions shall only obtain during the term.

### II. Per Curiam.

2. —— PARTY'S ATTORNEY NOT COMPETENT TO SIGN. Nor is it competent for one of the attorneys of the party excepting, to sign the exceptions as one of the bystanders required by the statute, where the judge refuses to sign.

3. —— WHEN TIME IS EXTENDED BEYOND TERM. When the time for settling a bill of exceptions is extended for a definite period beyond the term, it must be settled within the time fixed, or shown that the party excepting made proper effort to have it done.

*Appeal from Blackhawk District Court.*

Thursday, June 4.

This cause was tried on the 9th and 10th of July, 1867. On the 12th, defendant filed his motion for a new trial, which on the same day was overruled. The parties then in writing agreed, that defendant should have thirty days to settle and perfect his bill of exceptions. An appeal was perfected to this court on the 15th of the same month.

April 13, 1868, a bill of exceptions was filed, signed by two practicing attorneys, who certify that they were present during the trial, that said exceptions are true, and that the judge has refused to sign the same. Accompanying this was a notice of the same date to plaintiff, of the filing of said exceptions, but there is no proof of the ser-

St. John v. Wallace.

vice of the same. With it, also, was filed a notice to the judge, to the effect that defendant could not accept the amendment made by him to the bill of exceptions, and that he had procured the signatures of two persons thereto and filed the same, as also the affidavits of defendant and his attorneys, in substance, that said bill was a full and complete statement of the facts as they transpired on the trial.

The affidavit of one of the attorneys contains the further statement, that said bill of exceptions was sent to the judge about two weeks subsequent to the adjournment of the court in July, 1867, and that about the 1st of October, 1867, the same was returned by the judge to defendant's attorneys, with certain proposed amendments to which they could not agree. Plaintiff, in this court, moves to strike said bill of exceptions from the files, for the reason, in substance, that it never has become a part of the record in the manner contemplated by law.

*Boise & Allen* for the motion.

*O. Miller* and *W. T. Barker* contra.

WRIGHT, J. — The statute provides that the party excepting must reduce it to writing and present it to the court for signature. If the judge deems it true, he shall sign it. If not, he shall at once state to the party what correction he desires to make thereto. When thus accepted, or when the party alleging the exception and the judge can agree, it is to be signed, and becomes a part of the record. But if they cannot agree, the party is to announce that fact to the judge, who shall thereupon deliver the exception back to the party — who may proceed to procure the signatures of two or more bystanders to such exceptions — to do which the court shall allow him a reasonable time, in no

1. BILL OF EXCEPTIONS: when certified by bystanders.

manner interfering with his endeavors to do so.   If these signatures are obtained, attesting that the exception is true, and that the court has refused to sign the same, it is filed, and becomes a part of the record.   The truth of such exceptions may be controverted and maintained by affidavits,— those impugning it to be filed on the morning after the exception was filed, and those sustaining it on the next morning after.  Rev. § 3110.

Under this statute my opinion is, that where the parties, by agreement, extend the time for settling the bill of exceptions beyond the term at which the trial is had, it is not competent to settle the same by the certificate of bystanders.   The entire language of the section, it seems to me, contemplates that such attestation is only to be received during the term.   And the spirit of the enactment is in full accord with this construction.   Any other rule would be liable to the greatest abuse.   The theory and presumption is, that the judge stands indifferent between the parties, and will readily state the exact facts in the bill of exceptions.   To allow an exception to come in after the adjournment — after the matter has necessarily passed to some extent from the minds of those hearing the trial — which, if filed during the term, might satisfy the judge of its correctness and his own error — and when the opposite party is not present, and hence without immediate opportunity to impugn or contradict the same, would, in my opinion, violate the letter of the statute, as well as its purpose and meaning.   And this view is fortified by the prior sections (3106 *et seq.*), which contemplate that an exception is to be settled at the time.   So believing, I conclude, that when, by agreement, time is thus taken beyond the term, the party excepting must take his chances; and if the judge fails to sign a bill such as he wants, or signs one which omits to state the facts fully and correctly as they transpired, he cannot resort to this

exceptional method, and thus throw into the record a bill of exceptions which can be reviewed in this court. Aside from the statute itself, I refer to *Clark* v. *Parvin* (Mor. 371), which was made under the statute of 1843 (§ 19, ch. 112, p. 472), and which is not essentially different from that under consideration.

The other members of the court, without admitting or denying the correctness of this view, unite with me in
2. —— party's attorney not competent to sign.
holding, that upon other grounds this motion should be sustained. And, first, as we read and understand the record, one of the persons signing the exception was defendant's attorney on the trial, and upon the authority of *Simon* v. *Weigel* (10 Iowa, 505), this is not allowable. In that case we refused to permit a bill so signed to be made a part of the record. It would follow, of course, that though sent up, it should be rejected.

Lest, however, we should be mistaken in this respect
3. —— when time is extended beyond term.
(the names are the same, and yet they may represent different persons), the ruling is based upon the special facts of the case, to which we again briefly refer.

Thirty days was the time agreed upon to settle the exception. There is nothing to show when the disagreement took place. At least, if defendant would claim the benefit of this statute, he should show that he made proper effort to settle the same within the time fixed. Without this, against plaintiff's objection, he could not have had the benefit of an exception, signed by the judge after that time, and he can stand in no better position when it is thus signed by two bystanders. It is true, that it appears that about two weeks after the adjournment the bill was sent to the judge, and for aught that is shown, the judge at once proposed the amendment, and yet nine months elapsed before an effort was made to

procure the certificate.    In this there was such delay, as, in our opinion — without some excuse other than is here shown — to effectually exclude the party from the benefit of the statute.    While this provision should be so con- strued as to carry out the intention of the legislature, and to give to parties relief against the refusal of the judge to give a correct bill of exceptions, it must also be seen that a practice loose in its character shall not grow up involving evils and consequences equally to be depre- cated.

In our opinion, the motion should prevail, and it is accordingly so ordered.