*Louis Branson,* for plaintiff in error.
*Attorney General,* for defendant in error.

———————➤ ⚬ ◄——————

# CRAMER *v.* McDOWELL.

(*In the Supreme Court of Colorado, December Term, 1882—Error to the Lake County Court.*)

JURISDICTION OF INFERIOR COURTS. The jurisdiction of county and justices' courts is governed by the amount due at the institution of the suit. Subsequently accrued interest will not oust jurisdiction once acquired. But interest due at the time the action is commenced constitutes part of the claim, and if the principal and interest due at that time exceed the statutory amount of which the Court has jurisdiction, the whole proceedings are *coram non judice,* and the judgment absolutely void. While plaintiff may remit part of his demand, and thus confer jurisdiction, it is too late to offer to do so nineteen days after judgment.

HELM, J. We have recently passed upon the principal question involved in this case. Mr. Justice Stone, in deciding the application for rehearing in the case of *The Denver Brick M. & B. Co.* v. *Henry McAllister,* said: "The amount specified as the statutory limitation of the jurisdiction in question, must be taken to mean the amount due the plaintiff, or the value or amount of his claim, or the value of the property sought to be recovered, *at the time of bringing the action.*"

That opinion considers the jurisdiction of County Courts, while this case requires a discussion of the jurisdiction of justices of the peace. But the same reasoning, and the same citations of authorities, are equally applicable to both cases; for the constitutional provisions concerning the jurisdiction of the two courts, in actions upon money demands, except as to the amount thereof, are substantially the same. And while the language of the statutes differs slightly, such difference does not affect the construction we place upon the provisions of the constitution.

At the time plaintiff in error begun his original action before the justice, there was due upon the notes sued on, $300 principal, and upwards of $4 interest. Therefore the amount due was in excess of the justice's jurisdiction; for accrued interest upon the principal debt is to be included in determining such amount. See case cited *supra*.

Plaintiff in error could have forgiven defendant in that action this interest, and thus have brought his case within the jurisdiction of the justice. For, notwithstanding the decisions of Pennsylvania and other States to the contrary, we think a creditor has the right to remit a part of his just debt or demand, and sue for the balance in any Court having jurisdiction thereof. *Raymond* v. *Strobel*, 24 Ill., 113; see *Litchfield* v. *Daniels*, 1 Colo., 268.

Both parties appeared at the trial, in person and by counsel, and at the conclusion thereof judgment was rendered and entered of record in favor of plaintiff in error, for the sum of $305.10; included in this judgment was the $4 interest which had accrued prior to the commencement of the action. When the justice announced his findings, plaintiff interposed no offer to remit such interest; but, on the contrary, he allowed judgment to be entered, without objection or protest, for the full amount. By this conduct he conclusively demonstrated, notwithstanding the amount of his demand as endorsed on the summons, his intention to recover the interest as well as the principal. The subject matter of the action, therefore, exceeded the justice's jurisdiction; the whole proceedings were *coram non judice*, and the judgment was absolutely void. *Tindall* v. *Meeker*, 1 Scam., 137; *Feillett* v. *Engler*, 8 Cal., 76.

Plaintiff's offer, nineteen days after the trial, to remit the sum of $5.10, came too late; he could not by such remission, if allowed to enter it, breathe vitality into a void judgment.

Had the original subject matter been within the jurisdiction of the justice, plaintiff would, however, have been entitled to recover that part of the $5.10 which represented interest on the principal of his notes accruing *after* the institution of suit. For when the Court has rightfully acquired jurisdiction, it cannot be ousted of the same, by the accumulation of interest upon the original debt, pending proceedings and before the final determination thereof.    *Denver Brick M. & B. Co.* v. *Mc-Allister, supra; Tindall* v. *Meeker, supra.*

The judgment of the justice being absolutely void, no execution could properly issue thereunder; and the District Court committed no error in denying plaintiff's application for a writ of mandamus to compel the issuance of the same.

The action of the District Court will be sustained.

*Judgment affirmed.*

*Louis Branson*, for plaintiff in error.
*W. W. Cooke*, for defendant in error.