THORNILY V. PIERCE ET AL.

1. Under Code Civil Procedure, section 195, which authorizes either party to a suit, upon the refusal of the trial judge to sign a proposed bill of exceptions, to make such bill a part of the record by procuring and attaching to the bill "the affidavit of two or more attorneys of the court, or other persons who were present" at the trial, that the bill "is correct and true," the affidavits of attorneys who had no participation in or connection with the case tried are required; and the affidavit of one such other person is not sufficient.

2. Plaintiffs, in an action of replevin before a justice of the peace, recovered judgment for $265. Defendant appealed to the county court, where a verdict was rendered for plaintiffs for $365, an amount in excess of the justice's jurisdiction. Plaintiff did not offer to remit the excess. *Held*, that the court should have dismissed the action.

*Error to San Juan County Court.*

THE facts are stated in the opinion.

Mr. L. C. NORTHRUP, for plaintiff in error.

Messrs. HUDSON and SLAYMAKER and C. M. FRAZIER, for defendants in error.

MACON, C. This was an action of replevin for certain goods and chattels claimed by plaintiffs below, Pierce and Thomas, under a sale to them by G. J. Thomas, and held by the defendant below, as sheriff of said county, under certain writs of attachment issued by the creditors of said G. J. Thomas. The action was commenced before a justice of the peace of said county, and judgment rendered therein against plaintiff in error, from which

he appealed to the county court of said county, where the action was tried to a jury, and a verdict found for defendants in error for the sum of $365. A motion for a new trial was filed by defendant below, and overruled by the court, and judgment rendered upon the verdict for the whole amount found by the jury, to which defendant excepted, and comes to this court. No written pleadings, save the affidavit in replevin, were filed in the justice's court, or the county court. By the transcript sent up from the justice's court to the county court it appears that no claim was made by the plaintiffs below for any special damages growing out of the detention of the goods by the defendant; but the value of the property was stated to be $265. In the county court, so far as we can ascertain by anything before us in the record, no claim for special damages was made.

The county judge refused to sign and seal the bill of exceptions presented by defendants' counsel, so far as the same purported to set forth the evidence given on the. trial, but signed and sealed what purports to and is intended to, be a bill of exceptions, so far as to show the instructions given to the jury by the court. Upon the refusal of the county judge to sign the bill of exceptions, as aforesaid, defendant endeavored to avail himself of the provisions of the Code of Civil Procedure, section 195, which authorizes a party, upon the refusal of the judge to sign the bill of exceptions, to procure the affidavits of " two or more attorneys of the court, or other persons who were present at the trial," to make affidavit of the truth of the facts set forth in the bill of exceptions. In this endeavor defendant failed. The statute evidently requires that the " two or more attorneys of the court " should be those who had no participation in, or connection with, the case in which their affidavits are sought. *Simon v. Weigel*, 10 Iowa, 505; *St. John v. Wallace*, 25 Iowa, 21. In this instance the two attorneys who made these affidavits were the two who conducted the case be-

fore the county court, and who are in this court prosecuting this writ of error.

Plaintiff in error also has filed in this court the affidavit of one Bradford, who was then under-sheriff of said San Juan county. It being seen that the affidavits of the two attorneys alluded to are not sufficient, is the affidavit of one "other person" sufficient? We think not, for the reason that the statute uses the term "other persons," which is in its plain meaning plural; and because, if two or more attorneys of the court are required in such case, there can be no reason why at least two "other persons" should not be necessary.

As to the first assignment, that the court erred in not dismissing the cause for the reason that the justice of the peace had no jurisdiction of the matter, we think the point is well taken. The trial was had before the justice of the peace on the 30th day of May, and in the county court on the 13th day of June following. Before the justice of the peace, the plaintiffs recovered $265, and on the trial in the county court, about two weeks later, they recovered $365. Upon the coming in of the verdict, which was $65 beyond the jurisdiction of the justice, and upon failure of the plaintiffs to remit this excess of $65, the court should have dismissed the suit.

The judgment should be reversed and a new trial granted.

PER CURIAM. For the reasons assigned in the foregoing opinion the judgment is reversed and the cause remanded.

HELM, J. (*dissenting*). I concur in the conclusion that the judgment must be reversed, but do not accede to the assumption that by remitting the excess over $300 of the verdict in the county court, plaintiff could have cured the jurisdictional defect in question. I have serious misgivings as to the correctness of the legal proposition thus implied.

The reversal is based upon the ground that there was a want of jurisdiction over the subject-matter. If this were not so, the judgment could not be reversed, because the objection was not taken in the court below; and it is a rule of practice, too well established to admit of discussion, that, where the parties appear and trial is had, no other objection relating to jurisdiction, save this, can be for the first time presented in the supreme court.

When the verdict for $365 was returned to the county court, it became the duty of that court to dismiss the action, because under the statute the justice of the peace had no jurisdiction over the subject-matter. Gen. St. §§ 1924, 1988. I understand the law to be that where the jurisdiction of a court is regulated by statute, the court is imperatively limited to the subject-matter thus specified. It cannot, even by express stipulation of the parties in writing, be clothed with jurisdiction over a subject-matter not covered by the legislative enactment.

If I am right in these views, it inevitably follows that plaintiff in the present action was wholly powerless to cure the defective jurisdiction and validate the proceeding by remitting $65, or any other sum, from the verdict.

I must not be understood as saying that a creditor cannot forgive a portion of his just debt, and thus bring his cause within the jurisdiction of a justice; but, if such be his purpose, he must remit before he begins his suit. Having done so in some proper manner, his cause of action is within the statutory jurisdiction prescribed for the court, and the proceeding becomes regular from its inception.

The test of jurisdiction in cases like the one at bar is the verdict of the jury in the county court. If the plaintiff proves himself entitled to more than $300, it is his own fault that his recovery becomes void. If, on the other hand, a perverse jury or court, as the case may be, insists upon giving him a larger verdict or judgment

than he proves, and one for more than $300, I know of no remedy for him except through a new trial.

The case of *Cramer v. McDowell*, 6 Colo. 369, is not relied on in the principal opinion. The intimation in that opinion on this subject is used by way of argument rather than as announcing a rule of law; but if it fairly leads to an inference contrary to the foregoing conclusion, I think the language there used should be qualified.

*Reversed.*