## SCHLUTER ET AL. V. JACOBS.

1. The return of the officer levying an attachment and execution showing that he took possession of certain chattels under the writ, and had them sold before the trial of an action to determine the title, is sufficient evidence to sustain a verdict for conversion of the property, the title to which was shown to be in complainant.
2. General Statutes, section 2011, provides for summary proceedings to try the right of property, and, if found to be in claimant, for the assessment of damages by the court or jury, and for costs.  *Held,* that, having found the property to be in claimant, the court is authorized to receive evidence as to the value of the property taken, although no formal issue of value is raised by the pleadings.

*Appeal from Gunnison County Court.*

ACTION for conversion, brought by Mary E. Jacobs against Schluter & Spengel.   The facts are stated in the opinion.

Messrs. GOUDY and TWITCHELL, for appellant.

RISING, C.   On the 24th day of January, 1884, Schluter
& Spengel brought an action in justice's court against
H. H. Jacobs, in which action a writ of attachment was
issued, and levied upon certain personal property.   On
the 5th day of January, 1884, the appellee, proceeding
under the provisions of section 2011, General Statutes, for
the trial of right to property, filed her affidavit with the
justice before whom said action was pending, as claimant
of two mares and one colt taken under said writ of at-
tachment as the property of said H. H. Jacobs.   Issue
was made under the provisions of said section, and trial
had before the justice, who found that the property was
not the property of said Mary E. Jacobs, and entered
judgment against her, from which judgment she ap-
pealed to the county court.   Upon the trial in the county
court the appellee recovered a judgment against the ap-
pellants for $200 as her damages.   The return of the
officer who served the writ of attachment shows that, on
the 24th day of January, 1884, he levied upon and took
into his possession, under said writ, the property described
in the affidavit of claimant.   It is shown by the evidence
that, at the time the writ of attachment was levied on
said property, the officer making such levy had in his
hands for service an execution in favor of John Bolman
against the property of said H. H. Jacobs; that the levy
of the execution on said property was made at the same
time that the levy of the attachment was made, but that
possession of the property was taken only once; that, at
the time of the trial of this action in the county court,
the officer making said levies had sold the property
claimed by Mary E. Jacobs, under said execution levy,
for the sum of $212, that sum being sufficient to satisfy
said execution, and leave in the hands of the officer the
sum of $50.25.

The third, fourth and fifth assignments of error pre-
sent all the questions argued by counsel.

Under the third assignment the question of the suffi-

ciency of the evidence to warrant a finding in favor of the claimant upon the question of the right of property is raised. I think the finding as to the right of property is sustained by the evidence.

The fourth and fifth assignments raise the question whether the provisions of section 2011, General Statutes, authorized the court, under the circumstances of this case, to receive and consider evidences of the value of the property claimed for the purpose of assessing the damages sustained by the claimant. The determination of this question depends upon the construction of said section. That portion of section 2011 providing for the assessment of damages is as follows: "In all cases where, upon trial of the issues thus made, the right of property is found to be in the claimant, the damages suffered by the claimant by reason of the levy shall be assessed by the court or jury and the claimant shall recover his costs of the attaching creditor."

It is claimed by counsel for appellants that the value of the property cannot be considered as an item of damages suffered by reason of the levy, under any circumstances, in proceedings under said section. Said section provides for summary proceedings to try the right of property; and at the same time, if such right is found to be in the claimant, to assess his damages for the wrongful seizure and detention of such property. I think it was intended by such summary proceedings to settle, as between the parties thereto, all questions relating to such right and damages, and to give to the claimant all the relief he would be entitled to under any form of action. This view seems to be sustained by the case of *Turner v. Lytle*, 59 Md. 199. The statutes of the state of Maryland, upon the same subject, in their general features, are more like our statute than those of any other state that I have examined; and, so far as the two statutes affect the question under consideration, I think they are substantially the same. That portion of the Maryland

statute relating to the assessment of damages is as follows: "If the plaintiff fails to recover judgment of condemnation for the property so levied upon, the petitioner shall be awarded his costs and shall recover damages for the wrong and injury done him by reason of the illegal seizure and detention of his property." The plaintiff and defendant in the attachment suit are brought into court to try the right of property claimed by the petition of the claimant. There is a provision in the Maryland statute under which the claimant can give a bond and have the property discharged from the levy.

In the case of *Turner v. Lytle* the claimant filed his petition claiming the property seized under the attachment, gave a bond as required by the statute, and the property seized was discharged. The plaintiff in the attachment suit appeared and contested the claimant's right to the property. Upon the trial of this issue the claimant offered evidence to prove that he was damaged by reason of the seizure and attachment, and the extent of said damages, which evidence was admitted by the court, against the objection of the plaintiff. The claimant obtained a judgment for the property, and for $100 damages. Upon appeal the appellant, the plaintiff in the attachment suit, contended that no damages were claimed in the petition, and, there being no issue in that regard, no evidence could be admitted of or recovery had for damages. In the opinion, construing the statute under which the proceedings were had, the court say: "The main object of the statute was to establish a form of proceeding which would give full redress in one proceeding for the wrongful taking by attachment or by execution of another's property. The language of the statute very clearly, we think, indicates that both the right to the property, and damages for its seizure and detention, is to be settled in this summary proceeding, if it is resorted to. We do not mean to decide that the claimant is compelled, if he knows of the levy and seiz-

ure, to resort to this method of asserting his rights to secure the property and recover damages. It is not necessary for us to decide that question; it is not before us. But what we do decide is that, if resort be had to this method, both the right of property and the damages are then and there to be settled. That all questions as to property may be definitely decided, both the plaintiff in the judgment and the defendant in the judgment are to be notified of the claim, and summoned, that the claimant's right may be contested by either; and it is expressly stated in the latter clause of the second section that the claimant, if he succeeds, shall not only have his costs, but damages he has suffered. The language is: 'The petitioner shall be awarded his costs, and shall recover damage for the wrong and injury done him,' etc. The fact that the petition in terms does not claim damages makes no difference. Regarded as a question of pleading merely, the petition is sufficient by complying with the requirement of the statute, which substitutes the statement of the petitioner's right, as here presented, for the more formal pleading of another form of action. Substantial conformity to the requirement of the special proceeding created is all that can be required. The law itself affects the parties, plaintiff and defendant, in the attachment, with notice of what may be tried, and takes the place of the more formal notice ordinarily found in the pleadings."

The statute here construed is practically the same as our statute, and it seems to me that the construction given it in the case cited is the proper construction to be given to our statute. Under this view of the statute there is no error in the judgment, unless the damages assessed are greater than the actual damages suffered by the claimant by reason of the levy. The amount of the damage sustained must be ascertained from the evidence.

The evidence shows that the property of the appellee was levied upon, and taken into the possession of the

officer, under a writ of attachment issued at the suit of appellants. It is well settled that the taking, by attachment, of personalty not the property of the defendant in the attachment is a tortious taking, and constitutes a conversion of such property. Drake, Attachm. § 196; *Meade v. Smith*, 16 Conn. 346–366; *Woodbury v. Long*, 8 Pick. 543; *State v. Doan*, 39 Mo. 44–50. The provisions of section 2011 make the attaching creditor liable for such conversion. When the claimant succeeds he shall recover his costs of the attaching creditor. Costs and damages must be awarded against the same party and at the same time. But, if the statute did not so provide, still the attaching party must, in this case, be held liable for the acts of the officer, by reason of his ratification of the taking by the officer by contesting the claim of the defendant in error. *Perrin v. Claflin*, 11 Mo. 13. The measure of damages for a conversion is generally the value of the property converted, with interest thereon from the time of the conversion. Field, Dam. § 792. The evidence in the case would have warranted a judgment for a larger sum. At the time the claimant instituted proceedings under section 2011 she was entitled to recover, from the plaintiffs in the attachment suit, the value of her property, upon establishing her right to such property. The evidence shows, not only that the property was not returned to the claimant, but that it had been sold under the execution levy, and so placed beyond recovery by the claimant or the attaching creditors. The conversion of the property was consummated by the taking. The return of the officer on the writ of attachment shows the taking. The plaintiffs in the attachment suit do not deny the taking, but contest with the claimant their right to the property under such taking. No act of any wrong-doer can relieve the appellants from their liability for wrong done the claimant in taking her property. *Farrar v. Talley*, 4 S. W. Rep. 558. Under the circumstances of this case, the execution and attaching

creditors are to be treated as joint trespassers, and the interpleading claimant was at liberty to look to either or both for indemnity.   *Stone v. Dickinson*, 5 Allen, 29.

The judgment should be affirmed.

We concur:   MACON, C.; STALLCUP, C.

BY THE COURT.   For the reasons assigned in the foregoing opinion the judgment of the county court is affirmed.

*Affirmed.*