BRASHER V. HOLTZ.

ATTACHMENT — CLAIMS BY THIRD PARTY — DAMAGES.— Under General Statutes 1883, page 638, section 88, providing for the intervention of a third person claimant in attachment, and that if he is found to be the owner, "the damages suffered by the claimant by reason of the levy shall be assessed," the damages recoverable, where the property itself has been sold under the attachment, are limited to the value of the property at the time of the levy, with interest from that date.

*Appeal from County Court of Arapahoe County.*

THIS was an action originally commenced on September 27, 1883, before a justice of the peace by Benjamin P. Brasher, the appellant, against John Holtz, in which writ of attachment then issued, and a horse and buggy were seized thereunder the same day; whereupon the appellee, Catharine Holtz, claiming the same as her property, filed her affidavit for a trial of the right of property, as provided by section 88, chapter 62, General Statutes.

Upon the trial of the case judgment was given by the justice against the said defendant, John Holtz, for the sum of $120 and costs. A special execution was then issued for the sale of said horse and buggy attached. Trial of the right of property was had, resulting in finding and judgment for appellee. Appeal was taken therefrom to the said county court, where trial was had to a jury, the jury disagreeing. Another trial was had to the court without a jury, resulting in a judgment for the appellee. This judgment was vacated on motion of appellant, and a new trial allowed, which was had to the court, a jury being waived by the parties. The court found that the appellee was the owner of and entitled to the possession of the horse and buggy described in her affidavit; that they were of the value of $75; and that she was damaged by the detention thereof in the sum of $150.65, and adjudged that she have return of said property, or, in case a return of said property could not be had, that she have

and recover the sum of $75, the value thereof, together with the sum of $150.65 damages, and her costs incurred, to be taxed. The damage finding rests upon testimony that the use of the horse and buggy were worth $1.50 per day.

Messrs. MILLER & PERRY, for appellant.

Messrs. SULLIVAN & MAY, for appellee.

STALLCUP, C. Upon this appeal it is assigned and argued that the said finding and judgment were contrary to the evidence, and that the court erred in the amount of damages allowed.

The claimant, appellee, was the wife of the defendant in the original action, and while there were some facts in the evidence of the character to create a doubt of the *bona fides* of her claim of right to and ownership of the horse and buggy, yet there were many facts of the character to sustain the *bona fides* thereof sufficient to warrant the finding to that effect.

Said section 88 provides as follows: "If any person other than the defendant in attachment claim to own or be entitled to the possession of the property attached, or any part of it, he may file his affidavit with the justice at any time before the trial of the action, setting forth his claim, and particularly specifying what property he claims. Upon such affidavit being filed the justice shall designate a time and place for the trial of the right of property, not more than five days from the date of the filing of such affidavit. Notice in writing shall be given to the attaching creditor and to the debtor, if such notice can be given, of the claim to be tried. In all cases where, upon trial of the issue thus made, the right of property is found to be in the claimant, the damages suffered by the claimant by reason of the levy shall be assessed by the court or jury, and the claimant shall recover his costs of the attaching creditor. If the judgment be in

favor of the attaching creditor, the latter shall recover his costs of the claimant."

This is the extent of the provisions of said chapter on the subject, except that by section 36 of the same chapter it is provided that upon such trials either party shall have the right to have a jury of twelve.

It appears from the record here brought under review that the said horse and buggy had been sold under the said execution issued by the justice, and the proceeds thereof applied towards the liquidation of said judgment against the said defendant, John Holtz. Where parties avail themselves of the provisions of this statute, and do not recover the property itself, the measure of damages is like that in trover for conversion, viz., the value of the property at the time of the seizure, with interest thereon. *Schluter v. Jacobs*, 10 Colo. 449; *Garrett v. Wood*, 3 Kan. 231; *Polk v. Allen*, 19 Mo. 468; *Cassin v. Marshall*, 18 Cal. 689. It appears from the evidence that there is nothing in this case to warrant special damages, nor the application of any other than the general rule stated. Field, Dam. §§ 791–796. The damages, therefore, recoverable in this case are limited to the value of the horse and buggy at the time of the levy, with interest from that time.

The judgment should be modified accordingly, and the appellant adjudged to pay the costs of this appeal.

Rising and De France, CC., concur.

Per Curiam. For reasons stated in the foregoing opinion the judgment is reversed and remanded, with directions that a modified judgment be entered in accordance with the views expressed, appellant to pay the costs of the appeal.

*Reversed.*