## KINNEAR V. FLANDERS.

1. INTERVENTION PROCEEDINGS IN REPLEVIN.—The intervention proceeding created by sec. 2711, Mills' Ann. Stats., performs the same office as the action of replevin, and is a cumulative remedy given the owner of property wrongfully seized by attachment.
2. ERROR IN FAVOR OF APPELLANT IS WITHOUT PREJUDICE.—An error committed by the trial court in favor of the party appealing is error without prejudice, and does not constitute ground of reversal.
3. INTERVENTION BEFORE JUSTICE OF THE PEACE.—The intervenor before a justice of the peace, cannot by giving a forthcoming bond become repossessed of property attached, pending a determination of the intervention proceeding.
4. RECOVERY OF COSTS.—The recovery of costs both in actions at law and suits in equity may be regulated by statute.
5. COSTS ON DISMISSAL OF INTERVENTION PROCEEDINGS.—A judgment of dismissal where the court has no jurisdiction over the subject-matter is not an improper method of disposing of the cause. But where such judgment is entered in intervention proceedings under said sec. 2711, the costs should be taxed against the intervenor.

*Error to County Court of Arapahoe County.*

Messrs. SAMPSON & MILLETT, for plaintiff in error.

Messrs. BENNETT & BENNETT, for defendant in error.

Chief Justice HELM, delivered the opinion of the court.

Kinnear brought suit before a justice of the peace against one Brunell to recover $258.24. The jurisdiction of the justice over the original subject-matter is therefore unquestioned. A writ of attachment in aid was issued and certain property levied upon thereunder. Flanders, a disinterested third party, intervened in pursuance of the statute claiming ownership of the property attached.

The justice upon trial dismissed the plea of intervention. He also entered judgment in favor of Kinnear against Brunell for the amount claimed sustaining likewise the attachment proceeding. Thereupon Flanders took his appeal to the county court. This appeal was simply from the judgment upon the plea of intervention. The county court called the case for trial, but finding the value of the attached property claimed by Flanders to be $1,500, declined to consider the question of ownership or to proceed further. A judgment was duly entered dismissing the " cause."

Notwithstanding the dismissal, the court refused to enter judgment against Flanders for costs. An application by Kinnear for an order commanding the intervenor to turn over sufficient of the attached property to satisfy the judgment in the original suit was also denied. The court's rulings in these two particulars constitute the principal objections covered by the assignments of error.

The " cause " dismissed by the county court was evidently the proceeding by intervention. The original cause was not before that court for any purpose, hence the judgment could have had no reference thereto. In many respects an intervention proceeding is an independent suit. It performs the same office in effect as the ordinary action of replevin, and is a cumulative remedy which the owner of property wrong-

fully seized by attachment may or may not invoke. It saves the expense and trouble of a separate action, by an adjudication of the independent claim of ownership in connection with the original suit. Therefore, the phraseology of the court below in dismissing the "cause" is perfectly accurate and proper.

The intervening claimant is not here complaining. As the judgment of dismissal was against him and in favor of plaintiff in error, the error therein, if any, was error without prejudice. For this reason we shall decline to review the judgment in so far as it orders the dismissal. We must not be understood as intimating any opinion concerning the correctness of the court's ruling on the subject of jurisdiction. We should, however, in view of the argument, suggest that the case of *Thornily v. Pierce*, 10 Colo. 250, upon which reliance is placed, is not decisive of this question. In that case the owner elected to institute a separate action of replevin; in the case at bar the owner availed himself of the remedy by intervention.

The statute, under which Flanders intervened, unlike that referred to in Maryland, contains no provision authorizing the intervenor to become repossessed of attached property by giving a forthcoming bond. The validity of the attachment proceeding must, for the purposes of the present decision, remain unchallenged, and the sufficiency of the attachment levy will not be considered. The property attached is therefore to be regarded as continuing in the legal custody of the officer under the attachment writ. The court did not err in refusing to command a delivery by Flanders of property that in legal contemplation was not in his possession. Besides, the recital in the bond given on appeal to the county court upon which plaintiff in error relies, that the property was not removed from the premises of Flanders, does not negative the proposition that as a matter of fact there may nevertheless have been a valid levy. For such removal is not always indispensable, and it otherwise appears that the of-

ficer placed a deputy in charge of the property upon the premises where he found it.

The sole matter remaining to be considered relates to the apportionment of costs. Counsel for plaintiff in error insists that the court should have taxed the costs of the intervention proceeding against Flanders.

The ruling of the court below on this question was probably predicated upon the doctrine announced in *Bartels v. Hoey*, 3 Colo. 279. It is there held that where an appeal is dismissed because the appellate court is without jurisdiction, no judgment touching costs can be entered. This view is logical; it rests upon the idea that there can be no judgment of any kind where there is no jurisdiction. See authorities cited in *Bartels v. Hoey;* also, *Bradstreet Co. v. Higgins*, 114 U. S. 262; *Mazange v. Slocum*, 23 Ala. 668; *Hopkins v. Brown*, 5 R. I. 357; *Millard v. Board of Education*, 116 Ills. 23.

The correctness of the foregoing as a general principle is, however, vigorously challenged. *Kent v. Board of Co. Com'rs*, 42 Kans. 534, and cases cited. And this court has shown a strong disposition to avoid somewhat its harsh though logical results. A judgment for costs upon dismissal of condemnation proceedings for want of jurisdiction has been expressly sustained. *The D. W. & P. Ry. Co. v. Church*, 7 Colo. 143. The latter view is predicated upon the just and reasonable proposition that he who brings another against his will into a court having no jurisdiction, and thus occasions useless annoyance and expense, should at least suffer the inadequate penalty of payment of the costs.

But it is now unnecessary to explain or reconcile the two Colorado cases mentioned, or to announce a preference between the foregoing views, both of which are supported by a long list of able decisions. For no doubt exists of the legislative authority to regulate the matter by statute. This authority is recognized in *Bartels v. Hoey*, as well as in other cases.

The provision authorizing such interventions as the one at

bar (sec. 2711, Mills' Ann. Stats.) declares, *inter alia,* that " if the judgment be in favor of the attaching creditor, the latter shall recover his costs of the claimant." A judgment of dismissal for want of jurisdiction is a judgment in favor of the attaching creditor. No adjudication of the right of property has taken place, but the result, so far as the proceeding dismissed is concerned, is as decisive in favor of the attaching creditor as would have been a judgment on the merits. Plausible speculation sustaining a different view might be predicated upon previous language employed in the same section. But giving the entire statute a liberal interpretation for the purpose of effectuating the real intent of its framers, we shall hold that the costs of the intervention should have been taxed against Flanders:

If, however, it could be correctly said that the extract above given from sec. 2711 only applies where the right of property is adjudicated, the result upon the question of costs would be in no wise different. For in that event sec. 2688, Mills' Ann. Stats., would be pertinent. This section, when applicable, settles the question beyond possible controversy. It reads as follows : " If it shall appear (in the appellate court), however, that the justice has no jurisdiction of the subject-matter of the suit, the same shall be dismissed at the cost of the plaintiff."

Chancery courts always possess a large discretion in the apportionment of cost, and doubtless a statute might confer similar power upon courts of law. But both of the statutes considered simply enact and apply, to the causes and proceedings affected, the usual common law rule.

Some courts adopt the practice of striking a case from the files whenever want of jurisdiction over the subject-matter is disclosed. But the plan of entering judgments of dismissal in such cases, while perhaps less strictly logical, is in some respects more satisfactory and is extensively followed. Even were the latter course not expressly commanded by the statute last above mentioned, we would be loth to criticise the mere form of procedure adopted in this regard.

For the error in refusing to tax the costs against the intervenor, the judgment must be reversed. But save the entry of the proper judgment in the premises, no further proceedings upon the plea of intervention are deemed necessary. The cause will be remanded with directions that judgment for costs be entered in accordance with the views above expressed.

*Reversed.*