CORTHELL ET AL., PLAINTIFFS IN ERROR, v. MEAD,
DEFENDANT IN ERROR.

1. JUSTICE'S JURY.

In the trial of a civil case by jury before a justice of the peace, the jury
may consist of any number of jurors the parties agree upon, or ac-
cept without objecting to the number.

2. JUSTICE'S JURISDICTION OF ATTACHED PROPERTY.

Where the property of a third person is attached under a writ issued by
a justice of the peace, the owner may intervene in pursuance of the
statute, and have his property released, even though its value ex-
ceeds $300, and a verdict and judgment in his favor in such pro-
ceeding will be valid, *provided* the damages do not exceed the justice's
jurisdiction.

3. ENTRY OF JUDGMENT BY JUSTICE.

A justice of the peace under the laws of this state has no authority to
entertain or grant a motion in arrest of judgment; the jurisdiction
of the justice is purely statutory; and when a verdict is rendered
by a jury, if the verdict is within the jurisdiction of. the justice, it
is his duty to enter judgment upon it; his duty in that behalf is
ministerial, not judicial; and if he assumes to set aside the verdict,
or to render judgment contrary to the verdict, such proceeding may
be regarded as a nullity.

4. WRIT OF MANDAMUS.

A justice of the peace may be compelled by writ of *mandamus* to en-
ter judgment when the proceedings in the case have reached such
stage that there is nothing to be done but the clerical work of en-
tering the judgment.

*Error to the District Court of Rio Grande County.*

PETITION for writ of *mandamus* to compel respondent as
justice of the peace to enter judgment in accordance with
the verdict rendered in a certain proceeding before said jus-
tice. The district court denied the writ. Petitioners seek
a reversal of the district court judgment by writ of error
from this court.

The facts out of which the application for *mandamus* arises
are in substance as follows:

Certain persons, doing business as copartners under the

firm name of the " La Jara Hardware Company," brought suit before a justice of the peace against one E. S. Corthell. A writ of attachment was issued and a stock of goods was levied on of the value of $477.67, as stated in the return of the constable.

Before the trial of the attachment John L. and Elmer L. Corthell, doing business as " Corthell Brothers," filed affidavits before the justice, claiming the attached property as their own. A trial of the right of property was had by a jury of three, no greater number being demanded by either party; the jury after hearing the evidence returned a verdict as follows:

" We the jury find judgment in favor for the Corthell Brothers, and assess the damages at $300."

The justice of the peace received and recorded the verdict and discharged the jury. Three days afterwards, upon motion of the plaintiffs in the attachment suit (defendants in the trial of the right of property), the justice made an order purporting to arrest the judgment; he also refused to enter judgment upon the verdict of the jury, and dismissed the case —that is, the proceeding for the trial of the right of property. In the main case plaintiffs recovered judgment against the defendant for the full amount of their demand, $105.60.

Mr. C. M. CORLETT, for plaintiffs in error.

Mr. IRA J. BLOOMFIELD, for defendant in error.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

Plaintiffs in error (claimants of the attached property and petitioners for the writ of *mandamus*) contend that they were and are entitled to have judgment rendered in the justice's court in accordance with the verdict of the jury. They insist that the action of the justice of the peace in assuming to arrest the judgment upon the verdict, and in dismissing their claim to the property, was and is void; that his refusal to

enter judgment in their favor was the refusal to perform an act which the law specially enjoins upon him as a duty resulting from his office ; and that they have no plain, speedy and adequate remedy in the ordinary course of law, etc.

Defendant in error (the justice of the peace and respondent in this *mandamus* proceeding) claims that the trial of the right of property was a nullity ; that a jury of three was not a lawful jury ; that as justice of the peace he had no jurisdiction of the attached property, the value thereof being in excess of $300 ; that petitioners had a remedy by appeal from the judgment dismissing their claim to the property ; and that *mandamus* is not a proper remedy under the facts and circumstances of the case.

1. Was the trial of the right of property by a jury of three a nullity ?

Trial by jury in civil cases is not guaranteed by the constitution of this state. In an attachment case before a justice of the peace, if any person other than the defendant claims the attached property, the statute provides for a " trial of the right of property." Such trial is placed upon the same footing as other trials ; that is, either party (the plaintiff or the claimant) may demand a jury trial, or the trial may be by the justice. Gen. Stats. §§ 1958, 1959, 1960, 1961, 1962 and 2011.

Formerly section 1958 stated a jury of six as the minimum number, but as amended (Session Laws 1889, p. 221) it states three as a minimum number. Conceding that this amendment does not affect section 1959, we are of opinion that neither section is so far mandatory in respect to the number of jurors as to vitiate a trial in a civil case by any number that the parties may agree upon, or accept without objecting to the number.

The answer of respondents sets forth a copy of his docket entries showing that, at the time appointed for the trial of the right of property, the parties (claimants and plaintiffs) appeared with their attorneys respectively ; and thereupon the claimants demanded a jury of *three*. Plaintiffs made no ob-

jection to this demand. A venire was accordingly issued and *three* persons were summoned as jurors and sworn without objection to try the case. After the jury was sworn, *not before*, the attorney for plaintiffs " objected to any jury in the case." The objection was to *any* jury, not *the* jury; no objection was made on account of the number of jurors, either before or during the trial; nor was any greater number demanded by either party at any time. Under such circumstances, both parties must be held to have accepted the jury composed of three persons. Plaintiffs, having had due notice and opportunity, should have objected to the number of jurors, if at all, before the claimants were put to the expense of summoning, impaneling and swearing the jury. Not having done so, they must be held to have voluntarily acquiesced in the usual jury of three, as provided by amended section 1958, and to have waived their right to insist upon a jury of six under section 1959. In civil cases where private interests only are involved, it is well settled that a party may waive his statutory rights. Proffatt on Jury Trials, § 110 ; Thompson and Merriam on Juries, § 8 *et seq.*; *Irwin v. Crook and Beman*, 17 Colo. 16.

The case of *Moore v. The State ex rel.*, 72 Ind. 358, cited by counsel for respondent, is not in point ; it relates to a criminal case in which a verdict rendered by a jury of six persons was held to be a nullity. In other respects the decision fully confirms the views hereafter expressed in this opinion.

2. Was the trial of the right of property a nullity, and was the verdict void by reason of the value of the attached property?

The value of the attached property was stated by the constable in his return to be $477.67. The levy may have been somewhat excessive ; but an officer must, as a rule, levy upon property of somewhat greater value than the amount stated in his writ, else sufficient money may not be realized on forced sale to satisfy the judgment to be rendered with costs. If a justice's writ should specify $300 as the amount of a plaintiff's demand and the officer should levy upon property in

excess of that sum, it is not contended that the levy would be invalid because of such excess. Why, then, may not a third party claim such attached property, and have his claim thereto tried and determined as provided by the statute? Must he necessarily be driven to an action by replevin? To hold that the claimant may not avail himself of the special statutory proceeding, is to hold that the justice of the peace has jurisdiction over property in excess of $300 for the purpose of satisfying the claim of the attaching creditor, but not for the purpose of releasing such property and restoring it to the rightful owner in case it has been wrongfully attached.

*Thornily v. Pierce*, 10 Colo. 250, is cited by counsel for respondent; that was an action of replevin brought before a justice of the peace. On appeal in the county court the property was found to be of the value of $365; the plaintiff did not remit nor offer to remit the excess over $300, and judgment was rendered for the full amount. On error this court held that the county court should have dismissed the suit, the value of the property in controversy being in excess of the jurisdiction of the court where the action was originally brought.

There is a distinction between a suit in replevin and a trial of the right of property upon a claim made by a third party in an attachment case. A replevin suit is an original proceeding; the plaintiff sues out the writ and causes the property to be taken *in custodia legis;* he invokes the jurisdiction of the court in a matter wherein the title to the property and the value thereof are of the very gist of the controversy. In such an action the law limiting the jurisdiction of justices of the peace to $300 is particularly applicable. But the filing of an affidavit claiming attached property by a third party is not an original proceeding; the property is already within the jurisdiction of the court in a suit of which the justice presumably has jurisdiction; the property is liable, as we have seen, to exceed the value of $300; but the claimant does not sue for the value of the property; he contests the validity of the levy by claiming the property or a part

thereof as his own and asks to have such claim determined. If the claimant succeeds, he gets the property released from the levy and recovers judgment for the damages occasioned by the levy. The proceeding is incidental and collateral to the main suit; it is an ancillary proceeding provided by statute to which the claimant may resort in lieu of a direct action. The statutory proceeding before the justice of the peace may result in the release of attached property of greater value than $300, though it is probable that damages could not be legally recovered in excess of that sum; in this case the damages were assessed at $300 only. This court has noticed proceedings of this kind, and has pointed out their advantages over ordinary civil actions, but has not decided the precise question now presented. The supreme court of Missouri has, however, held that the claimant may by this proceeding recover attached property in a justice's court, even if the value be in excess of the jurisdiction of such court in a direct proceeding. *Mills v. Thompson*, 61 Mo. 415; *Kinnear v. Flanders*, 17 Colo. 13; *Schluter v. Jacobs*, 10 Colo. 451; *Brasher v. Holtz*, 12 Colo. 203; *Cornforth v. Maguire*, 12 Colo. 433.

We feel constrained to hold that where the property of a third person is attached under a writ issued by a justice of the peace, the owner may intervene in pursuance of the statute and have his property released, even though its value exceeds $300, and that a verdict and judgment in his favor in such proceeding will be valid, *provided* the damages do not exceed the justice's jurisdiction.

3. It is scarcely necessary to say that a justice of the peace under the laws of this state has no authority to entertain or grant a motion in arrest of judgment. Motions of that kind are for courts of record having common law as well as statutory jurisdiction; the judges of superior courts of record are presumed to be learned in the law, and, hence, capable of entertaining and disposing of such matters in furtherance of justice. The jurisdiction of a justice of the peace is purely statutory. In respect to jury trials the statute provides: "The

jury, when impaneled, shall be sworn by the justice to try the cause according to the evidence, and the justice shall enter judgment upon their verdict according to the finding thereof." See Session Laws 1889, p. 221, amending Gen. Stats. § 1958. This provision has existed without change in this jurisdiction for more than a quarter of a century. See Rev. Stats. 1868, p. 402.

When a cause has been tried and the verdict returned by a jury in a justice's court, the verdict being within the jurisdiction of such court, the justice has no discretion in the premises; it is his duty to enter judgment upon the verdict; he is to *enter* the judgment, not *render* it; his duty in that behalf is ministerial, not judicial. The judgment being *entered* according to the verdict, the aggrieved party may appeal; but the justice has no authority to render any judgment contrary to the verdict; and, if he does so, such judgment may be regarded as a nullity. Any other doctrine would involve proceedings in justices' courts in troublesome, expensive and vexatious delays, and would greatly hinder and embarrass the administration of justice. Freeman on Judgments, § 53*a*; High on Ex. Remedies, §§ 235–242.

The verdict in this case being in favor of the claimants, they were entitled to have judgment entered to the effect that the property be released from the attachment, and that they recover of plaintiffs the damages assessed, together with costs. In *Schluter v. Jacobs, supra,* it is held that where the claimant succeeds in establishing his claim to the attached property, the attaching creditor must be held liable for the damages occasioned by the levy on the ground that, by contesting the right of property asserted by the claimant, the attaching creditor ratifies the act of the officer in levying upon the property.

4. Did petitioners have a plain, speedy and adequate remedy by the ordinary course of law for the action of the justice in refusing to enter judgment upon their verdict?

It is urged that their remedy was by appeal; but this view is not sustained by sound reason nor by the weight of au-

thority.   As we have seen, the justice in assuming to arrest
judgment upon the verdict and in dismissing the case against
claimants acted wholly without authority.   Even if the
claimants could have appealed from the entry of such orders,
such a remedy would not have been adequate.   They had
tried and won their cause, and were entitled to the fruits of
their victory.   Why should they be required unnecessarily
to assume the expense, trouble, and hazard of another trial ?
Judgment should have been entered upon the verdict; and
then the burden of an appeal, if any had been taken, would
have fallen upon the plaintiffs.   The taking of an appeal is
a matter of some inconvenience and hardship; it involves
the giving of a bond with surety and the advancement of
costs, as well as the hazard of another trial.   A remedy,
therefore, which required the claimants, rather than the
plaintiffs, to take an appeal, was not adequate.   Besides, if
judgment had been entered for the claimants, it is not cer-
tain that any appeal would have been taken.   Furthermore,
when a writ of *mandamus* is asked for against an officer to
compel him to perform a duty resulting from his office, which
duty he has wrongfully neglected and refused to perform, to
the manifest injury of another, it does not come with very
good grace for him to plead that the injured party has an-
other remedy, and certainly not unless such other remedy
is fully adequate.   The authorities are clear to the effect that
a justice of the peace may be compelled by *mandamus* to
enter judgment when the proceedings in a case have reached
such stage that there is nothing to be done but the clerical
work of entering the judgment; and this remedy has also
been applied to courts of record under certain circumstances.

The following are some of the many authorities cited by
counsel and considered by the court as bearing upon the va-
rious questions involved in this controversy in addition to
those heretofore cited: *Forman v. Murphy*, 3 N. J. 577;
*Felter v. Mulliner*, 2 Johns. 181; *Matthews v. Houghton*, 11
Me. 377 ; *Smith v. Moore*, 38 Conn. 105; *Lloyd v. Brinck*, 35
Tex. 1 ; *Life and Fire Ins. Co. v. Wilson's Heirs*, 8 Pet. (U.

S.) 292; *Overall v. Pero*, 7 Mich. 315; *Lynch v. Kelly*, 41 Cala. 232.

We recognize the doctrine that the writ of *mandamus* cannot properly be employed to control official discretion, nor permitted to usurp the office of a writ of error; this court has repeatedly expressed such views. See *Union Colony v. Elliott*, 5 Colo. 371; also, *People ex rel. v. District Court*, 14 Colo. 396; but see *People ex rel. v. Graham, District Judge*, 16 Colo. 347; also, *Greenwood Cemetery Co. v. Routt, Governor*, 17 Colo. 156; *People ex rel. v. District Judge, etc.*, 18 Colo. 500.

Our conclusion is, that petitioners were and are entitled to relief by *mandamus* to the extent expressed in this opinion. The judgment of the district court is accordingly reversed and the cause remanded with directions as follows: If respondent's term of office as justice of the peace has expired, the court will allow his successor having custody of the docket containing the proceedings and verdict mentioned herein to be made a co-respondent, to be served with an alternative writ of *mandamus*, and also with a peremptory writ, if necessary to give petitioners the relief to which they are entitled, as expressed in this opinion; costs accrued and costs of the alternative writ to be adjudged against the original respondent.

*Reversed.*