[No. 2025.]

ROBINSON ET AL. v. BONJOUR.

1. REPLEVIN—JURISDICTION—JUSTICE OF THE PEACE—JUDGMENTS.
A justice of the peace has no jurisdiction in a replevin suit where the value of the property involved exceeds $300, and his judgment in such suit is a nullity.

2. SAME—ACTION ON REPLEVIN BOND.
Where a replevin bond was given in an action before a justice of the peace conditioned for the return of the property if a return be adjudged and the judgment of the justice was that plaintiff have possession of the property, but the value of the property exceeding $300 the justice had no jurisdiction to render a judgment therein, no action will lie upon the replevin bond for a failure to make return of the property involved in the replevin suit.

*Appeal from the District Court of El Paso County.*

Messrs. GUNNELL & HAMLIN and Mr. H. McGARRY, for appellants.

No appearance for appellee.

GUNTER, J.

Action on replevin bond given in justice of peace court conditioned for return of property involved, if return adjudged. No finding or judgment as to value in replevin suit. The judgment was that plaintiff therein " have possession of the crops." The breach of the bond assigned herein, was failure to make return of the property involved in the replevin suit.

The complaint herein alleges the value of the property involved in the replevin suit to have been $530. The undisputed testimony is that it had a value of $540. The justice had no jurisdiction of the replevin suit, because the value of the property involved therein exceeded $300. Colo. Const. art. 6, sec. 25 ; Mills' Ann. Stats. secs. 2624, 2746.

The justice being without jurisdiction of the replevin suit, his judgment therein was a nullity. *Liss v. Wilcoxen*, 2 Colo. 85 ; *Cramer v. McDowell*, 6 Colo. 369 ; *Thornily v. Pierce*, 10 Colo. 250 ; 15 Pac. Rep. 335.

The judgment in the replevin suit being a nullity, there was no judgment for return of the property, hence no breach of the bond.

This action will not lie because the court had no jurisdiction of the cause in which the bond sued on was taken. *Bridge v. Ford*, 4 Mass. 641 ; *Sherry v. Foresman*, 6 Blackf. (Ind.) 56 ; *Caffrey v. Dudgeon*, 38 Ind. 512 ; 10 Am. Rep. 126 ; Am. & Eng. Ency. of Law (2d ed.), vol. 4, p. 674.

Judgment reversed with instructions to the lower court to dismiss the action.

*Reversed.*