[No. 5198.]
[No. 2809 C. A.]

SMITH v. CLARK.

1. **Justices of the Peace—County Courts—Appeals—Jurisdiction —Amount Involved.**

The jurisdiction of justices of the peace in this state is limited in civil actions by Mills' Ann. Stats., § 2624, to cases where the amount in controversy does not exceed $300, and the county court's jurisdiction on appeal therefrom is limited to the same amount, so that a judgment in the latter court in such a cause for more than $300 is in excess of its jurisdiction and will be reversed.—P. 90.

2. **Same—Trial de Novo—Judgments—Interest.**

Where a trial de novo is had upon appeal from an inferior court, interest cannot be allowed upon the judgment appealed from, as the effect of the appeal is to supersede the judgment and leave the matter standing as a cause of action upon the original indebtedness.—P. 91.

*Appeal from the County Court of Arapahoe County.*
*Hon. Ben B. Lindsey, Judge.*

Action by William E. Clark against Ralph W. Smith. From a judgment in favor of plaintiff rendered by the county court on appeal from a justice of the peace, defendant appeals.

*Reversed and remanded.*

Mr. RALPH W. SMITH and Mr. G. Q. RICHMOND, for appellant.

Mr. WM. E. CLARK, *pro se.*

Mr. JUSTICE BAILEY delivered the opinion of the court:

A judgment was rendered in favor of plaintiff below, appellee here, against defendant, in the justice of the peace court of Arapahoe county for $300. The defendant appealed the case to the county court, where it was again tried without a jury, and judgment rendered in favor of plaintiff in the sum of $302.25 and costs. At the trial in the county court, the defendant was not present. He moved to vacate and set aside the judgment, for the reason that, when the cause was set for trial, he was absent from the city, and at the date of the trial he was absent. This motion was overruled. Defendant then appealed to the court of appeals. A motion was made to strike the bill of exceptions from the files. The motion was overruled; but leave given to present the matter again at final hearing. No reason is urged why this motion should be sustained which was not urged before the court of appeals, and we see no reason for modifying the order made by it.

The jurisdiction of justices of the peace in this state is limited in civil actions to cases where the value of the property or the amount in controversy does not exceed the sum of $300.—2 Mills' Ann. Stats., § 2624.

The jurisdiction of county courts upon appeals from justice of the peace courts is limited to the jurisdiction of the justice. The justice not having jurisdiction where the amount involved is in excess of $300, the county court does not have such jurisdiction. This question was before the court in *Thornily v. Pierce,* 10 Colo. 252, wherein it is stated:

"Before the justice of the peace the plaintiffs recovered $265, and on the trial in the county court

about two weeks later they recovered $365. Upon the coming in of the verdict, which was $65 beyond the jurisdiction of the justice of the peace, and upon failure of plaintiffs to remit this excess of $65, the court should have dismissed the suit.''

The appellee endeavors to avoid the force of the rule announced in 10 Colo. 252, *supra,* by asserting that the $2.25 is interest upon the judgment rendered in the justice of the peace court between the time of the rendition of such judgment and the time of the trial in the county court.

Where a trial *de novo* is had upon an appeal from an inferior court, interest cannot be allowed upon the judgment appealed from. The effect of the appeal is to supersede the judgment and leave the matter standing as a cause of action upon the original indebtedness. The amount involved at the trial in the county court in this case was necessarily the same as the amount involved at the time of the trial in the justice court. If the plaintiff saw fit to introduce testimony tending to show that the amount in controversy was greater than the jurisdiction of the court, and his judgment became invalid in consequence thereof, he has himself to blame; and, it appearing that the judgment of the county court was in excess of the jurisdiction of the justice of the peace, the judgment must be reversed and the cause remanded for a new trial, in accordance with the views herein expressed.

*Reversed and remanded.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE GODDARD concur.