No. 14,788.

CARTER *v.* BUNIGER.
(144 P. [2d] 326)

Decided December 6, 1943.

Mr. A. B. CROSSWHITE, Messrs. FAIRLAMB & FAIRLAMB, for plaintiff in error.

Messrs. GROVES & BANKS, for defendant in error.

*En Banc.*

MR. JUSTICE HILLIARD delivered the opinion of the court.

IN an action by plaintiff in error before a justice of the peace to recover $279.15, in aid of which there was writ of attachment and levy on personal property, defendant in error, proceeding before trial of the main action as claimant, under section 77, chapter 96, 1935 C.S.A., alleged right of possession of the attached property, and prayed that such right be adjudged in him, together with damages in the sum of fifty dollars. In his affidavit claimant did not state the value of the property involved; nor did the justice, although adjudging in favor of claimant's right of possession thereof, make appraisement of value or assess damages. Plaintiff in error appealed that issue to the county court, where, after the lapse of nine years, claimant caused trial to be had thereon, in which a jury resolved in his favor, assessing damages in the sum of $1,580.61, for which judgment entered. Throughout the trial in the county court, its jurisdiction to take steps contemplating judgment in favor of defendant in error (claimant) other than for possession of the property involved, or for damages in excess of three hundred dollars, the limit of the jurisdiction of the court whence the appeal came, was appropriately challenged. On the incoming of the verdict in the imposing sum appearing, an appropriate exception was reserved, and that point and other points which will have attention as we proceed, were urged in a motion for new trial. Whether, in view of the value of the property involved, the county court had jurisdiction

to proceed at all, and, if so, whether it had jurisdiction to give judgment for damages in excess of three hundred dollars, will be our first consideration.

 The right of defendant in error to claim the attached property and have his claim adjudicated, may not be gainsaid. Two remedies were open to him: The summary statutory one to which he elected to resort, and which we have said "is a cumulative remedy," or the "ordinary action of replevin." Either "is an independent suit." *Kinnear v. Flanders,* 17 Colo. 11, 28 Pac. 327. Since the remedy invoked by claimant was based on a statute (section 77, supra) pertaining to justices of the peace proceedings, his recovery at the hands of the justice, assuming his success on the issue of right of possession of the attached property, was necessarily subject to the limitations of the justice's jurisdiction to give judgment. Generally, a justice does "not have jurisdiction of any case wherein the value of the property or the amount in controversy exceeds the sum of three hundred dollars." Art. 6, §25, Const. See, *Smith v. Clark,* 38 Colo. 89, 88 Pac. 636; *Ramer v. Smith,* 4 Colo. App. 434, 36 Pac. 302; *Thornily v. Pierce,* 10 Colo. 250, 15 Pac. 335; *Cramer v. McDowell,* 6 Colo. 369. It seems, however, that in an attachment action before a justice of the peace, a third party claiming to own or have right of possession of property attached, may invoke the remedy afforded by section 77, supra, and, regardless of its value, "have his property released, even though its value exceeds $300.00, and that a verdict and judgment in his favor in such proceeding will be valid, *provided* the damages do not exceed the justice's jurisdiction." *Corthell v. Mead,* 19 Colo. 386, 35 Pac. 741. It follows, that notwithstanding it appears the value of the property which defendant in error claimed under the remedy provided by section 77 was one thousand dollars, still the justice of the peace had jurisdiction to release the property; but had the justice undertaken to give judgment in damages in excess of three hundred dollars, he

would have transgressed the limits of his jurisdiction. The justice here evidently proceeded in the light of *Corthell v. Mead, supra,* and released the property.

■ ■ What of the jurisdiction of the county court to which the judgment of the justice was appealed? We and our Court of Appeals have emphasized that on appeal from a justice of the peace, the county court's jurisdiction is derivative and limited to that of the justice. Group of cases cited supra. In principle, as we have seen, the remedy invoked by claimant here is in the nature of replevin. *Kinnear v. Flanders, supra.* See, also, 7 C.J.S., p. 557, §351. The analogy in mind, *Lalonde v. Neal,* 53 Colo. 249, 125 Pac. 121, a replevin action, is in point as to the limitation which attends the derivative jurisdiction of the county court. In that case we said that the value of the property involved in a replevin action before a justice of the peace, was controlling as to the jurisdiction of the county court on appeal. There, the justice of the peace found that the "value of the property replevied was in excess of $300, upon account of which he had no jurisdiction to try the case." On appeal, the county court proceeded on the theory that the justice's finding as to value of the property was conclusive, and entered judgment of dismissal; but we reversed the judgment for the reason that the county court, as we held, "should have tried the case *de novo,* and from the evidence introduced before it, have passed upon and determined the value of the property, and if it found from the evidence that the value exceeded $300, the action should have been dismissed."

■ The foregoing in mind, it is urged by plaintiff in error that since the county court found the value of the property to be one thousand dollars, that fact operated to defeat its jurisdiction altogether, and it should have ordered judgment of dismissal. We are not of that view. *Corthell v. Mead, supra,* is authority for the doctrine that regardless of the value of the property sought to be recovered by the summary statutory remedy, a justice

has jurisdiction to order its release, but does not have jurisdiction to adjudge damages in excess of three hundred dollars. The county court's derivative jurisdiction is limited to that of the justice, as seems clear, but on plaintiff in error's theory it would not equal that of the justice. That is not consonant with the doctrine of derivative jurisdiction.

■■ On the other hand, defendant in error insists that he became an "intervener" in the sense of section 69, chapter 96, '35 C.S.A., whereof the county court's jurisdiction in the case was not derivative, but of the character of jurisdiction arising from the transfer of a case from a justice to the county court pursuant to that statute. We regard that section as pertaining only to attachment cases before justices of the peace. Section 77, under which defendant in error initiated his claim to the property, was enacted in 1879, and is section 88, chapter 62, or general section 2011, G.S. 1883. Its purpose was to afford a simple remedy by which a third party, proceeding as against both parties in an attachment action before a justice, might claim the ownership or right of possession of the property attached. Section 69, on the contrary, is an amendment to section 77, chapter 62, or general section 2000, G.S. 1883. The amendatory statute was enacted at a special session of the legislature in 1894, and by its terms, as well as by the Governor's proclamation in relation to the purpose of the call therefor, it conclusively appears that the contemplation of the law-making body was to enable multiple creditors of the same debtor to become parties to an attachment action already instituted by a more alert creditor and thus enjoy proration, and to outline the procedure to that end. In some of our opinions we have spoken of the third party *claimant* under section 77, as an intervener, which is not wholly inappropriate, but it does not follow that use of the word in an act having only to do with attachment actions before justices of the peace, such as section 69, gives a claimant status

equivalent to an intervening attaching creditor pursuant to the statute. Defendant in error chose to proceed as a claimant before the justice under section 77, rather than by replevin in a court having jurisdiction in sum commensurate with the value of the property involved, and necessarily is bound by the limitations which attend. "There is a distinction between a suit in replevin and a trial of the right of property upon a claim made by a third party in an attachment case." *Corthell v. Mead, supra.* The language of the court following the above quotation is worthy of note.

We conclude that in giving judgment in excess of three hundred dollars, the limit of the jurisdiction of the justice, the county court erred; but we hold that it does not lack jurisdiction to adjudge within such limits, and in furtherance thereof may receive evidence in relation to the value of the property attached. *Schluter v. Jacobs,* 10 Colo. 449, 15 Pac. 813; *Brasher v. Holtz,* 12 Colo. 201, 20 Pac. 616. The judgment, being in excess of the amount the court had jurisdiction to award, should be reversed, and since claimant did not take steps to remit the excess, the cause must be remanded for new trial. *Thornily v. Pierce, supra.* Let appropriate orders be entered.

Mr. Justice Goudy not participating.