HEWES v. ANDREWS ET AL.

1. CONTINUANCE — ABSENCE OF WITNESS — AFFIDAVIT.— Where there are no pleadings in a case, an affidavit for a continuance which alleges the absence of a material witness, and sets out the facts which such witness is expected to testify to, is not sufficient unless it also shows that issues will arise upon the trial upon which such testimony will be material.

2. PRINCIPAL AND AGENT — LIABILITY OF AGENT TO THIRD PARTY.— In an action to recover for work done there was evidence that the defendant had contracted with the plaintiffs merely as agent for another, and that plaintiffs knew of such agency. There was also evidence that the defendant had promised to pay plaintiffs for the work done by them out of his own money. *Held,* that instructions that, if the jury should believe that in making the contract the defendant assumed the character of a principal, he should be held personally liable, though in fact an agent, were not erroneous when taken in connection with another instruction that, if the plaintiffs contracted with knowledge of the agency, they were estopped from denying it.

3. SAME — KNOWLEDGE OF THIRD PARTY.— In such case an instruction is correct to the effect that the defendant was not responsible to the plaintiffs for any contracts made as agent within the scope of his agency, provided the plaintiffs were aware of the agency, or that the defendant had not agreed to pay them out of his own money.

4. SAME — AGENT CONTRACTING AS PRINCIPAL.— But an instruction simply to the effect that, if the plaintiffs were aware of the agency at the time of the contract, they were estopped to deny it, and ignoring the evidence tending to show that the defendant had contracted as principal, is erroneous.

VOL. XII — 11

*Appeal from Saguache County Court.*

Messrs. R. H. VOSBURGH, E. C. STIMSON and B. F. MONTGOMERY, for appellant.

Mr. JAS. M. DENNY, for appellee.

RISING, C.   This action was commenced before a justice of the peace, by the appellees against the appellant, and taken to the county court upon an appeal from the judgment entered by said justice of the peace, and is brought to this court upon an appeal from a judgment entered therein in the county court against appellant.

The following errors are assigned: (1) The court erred in overruling defendant's motion to dismiss the action; (2) the court erred in overruling defendant's motion for a continuance; (3) the court erred in giving instructions numbered 1 and 2, asked by plaintiffs; (4) the court erred in modifying instruction numbered 3, asked by defendant; (5) the court erred in refusing to give instruction numbered 4, asked by defendant; (6) the judgment is contrary to the law and the evidence.

The court committed no error in denying defendant's motion to dismiss the action, and the assignment of error based upon this ruling is not urged in the argument of counsel for appellant.

The second assignment of error is not well taken.

The motion for a continuance was based upon the defendant's affidavit, alleging the absence from the county of a material witness for him, and setting out the facts said witness would testify to.   The materiality of the testimony of the absent witness must be made to clearly appear to authorize the granting of a continuance.   When there are pleadings in the case, the court can determine by the issues made whether the facts stated are material or not; but when, as in this case, there are no pleadings, it must appear from the showing made for the continuance that issues will arise upon the trial upon

which the testimony will be material.  There is nothing
in defendant's affidavit that tends to show that the facts
which he desired to prove by the absent witness could
have any bearing upon any issue that might arise in the
case.  Whether defendant exercised proper diligence to
secure the testimony of the witness, or whether he was
excused, by the circumstances of the case, from exercis-
ing any diligence, are questions we need not consider.

The third and fourth assignments of error will be con-
sidered together.  It is stated in the bill of exceptions
that "the material question at issue was as to whether
the defendant Hewes was acting as the agent of James,
or whether he was acting in his own behalf, or became
personally liable for the amount of the work done under
the contract, and the bill does not purport to contain any
of the evidence introduced on the trial except such as
has a bearing upon this issue.  It appears from the bill
of exceptions that evidence was introduced on the trial
tending to show that H. C. James had made defendant
an agent to manage the Empress Josephine mine for said
James, and that plaintiffs had knowledge of such fact.
The evidence shows that the controversy between plaint-
iffs and defendant arises out of a contract between them
in relation to the concentration of ore from the Josephine
mine.  The instructions under consideration are based
upon the foregoing facts.

By instruction No. 1, given at request of plaintiffs, the
jury are instructed that if, in making a verbal contract,
an agent does not disclose his principal, he binds him-
self personally, and becomes subject to all liabilities, ex-
pressed and implied, created by the contract, in the same
manner as if he were the principal; and by instruction
No. 2, so given, the jury were instructed that, if they
believed from the evidence that in making the contract
the defendant assumed the character of a principal, pro-
tection from personal liability should not be extended to
him upon proof, thereafter made, that he was an agent

for James at the time.   It is urged against these instructions that, "as applied to this case, they are inapplicable and irrelevant, and calculated to mislead and deceive the jury."   We do not think this objection well taken.

All the instructions given must be considered together; and instructions 1 and 2, under consideration, when considered with instruction No. 1, given at the request of defendant, state the law fairly and fully, as applicable to the case upon the evidence introduced.   Instruction 1, given at the request of defendant, instructed the jury that, if they find that the plaintiffs entered into the contract for the work on the Josephine mine with full knowledge that defendant was the agent of James, the plaintiffs are estopped from denying such agency, unless they further believe that the defendant became personally responsible for said work and made said contract as principal and not as agent.   This instruction aids instructions 1 and 2, given at plaintiffs' request, in that, taken together, they clearly present the law applicable to the case under the evidence.

The modification by the court of instruction No. 3, given at the request of defendant, was not error.   By this instruction, as prepared by defendant, the jury are instructed that the acts of the defendant, as the agent of James, are the acts of his principal, and that the defendant is in no manner responsible to the plaintiffs for any contracts made by defendant when acting within the scope of his agency; which instruction was modified by the court by adding thereto the following: "Provided said plaintiffs, or either of them, at the time of making said contract testified to, knew that defendant was acting as such agent; and provided, further, that said Hewes did not agree with plaintiffs to pay them out of his own money for the work done under said contract."   It appears from the bill of exceptions that evidence was introduced tending to show that defendant agreed to pay the plaintiffs out of his own money for the work done

by them. This evidence is sufficient to warrant the modification, and to have given the instruction without the modification would have been error.

By instruction No. 4, requested by defendant and refused by the court, the court was asked to instruct the jury to the effect that if the plaintiffs, at the time of making the contract, had knowledge that defendant was the agent of James for the working and running of the Josephine mine, then they are estopped from denying that defendant made said contract as such agent for James. This instruction is clearly erroneous, in that it ignores the evidence tending to show that defendant contracted as principal and agreed to pay plaintiffs out of his own money.

The sixth assignment of error cannot be considered, for the reason that the bill of exceptions does not contain all the evidence.

The judgment should be affirmed.

DE FRANCE and STALLCUP, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

*Affirmed.*