WHALEN v. McMAHON (APPEL & POPE, INTERVENORS).

16  373
9a 297

1. INTERVENTION IN ATTACHMENT SUIT BEFORE JUSTICE OF THE PEACE.
   Under General Statutes, 1883, section 2011, providing that third per-
   sons must assert their rights to property seized under attachment
   issued by a justice of the peace before the trial of the main action, a
   claimant of a fund garnished under an attachment cannot intervene
   after the trial of the main action and rendition of judgment therein
   for plaintiff.
2. ORDER DISMISSING PETITION OF INTERVENTION IN SUCH CASE NOT
   APPEALABLE.— An appeal by the intervenor from the order of the
   justice dismissing the petition of intervention, because filed after
   trial in the main action, should be dismissed, as the intervenors have
   no standing in court.
3. CONDITIONAL ASSIGNMENT OF A FUND TO INTERVENORS, AND RIGHTS
   OF PARTIES THEREIN.— Where the assignment of the fund, subse-
   quently garnished, to the intervenors was not absolute, but merely
   as a security for what indebtedness the assignor might incur to the
   assignee within a stated period, and the debt so incurred was less
   than the amount of the fund garnished, the judgment for the inter-
   venors, had their rights been asserted in apt time to render their ap-
   peal from the justice regular, should have been for only so much of
   the fund as was necessary to satisfy their demand, and judgment in
   favor of the plaintiff in the attachment should have been given for
   the balance.

*Appeal from Fremont County Court.*

Mr. JOSEPH H. MAUPIN, for appellant.

BISSELL, C.   In 1887 Whalen brought this suit against
the defendant, McMahon, to recover a sum of money which
he alleged McMahon owed him.   A writ of attachment
was issued by the justice before whom the suit was brought
and served upon the Denver & Rio Grande Railroad Com-
pany as garnishee, which made answer, acknowledging an
indebtedness to the defendant of $113.84.   The case was
subsequently tried, and a judgment for the plaintiff fol-
lowed.   The company did not turn over the money either
to the officer serving the writ or to the justice when they
filed their answer.   On the 13th of September, and ten
days after the rendition of judgment against defendant,

Appel & Pope, who claimed to be the owners, by assignment, of the debt which was due from the railroad company to McMahon, sought to assert their claim to the money by means of a petition of intervention which they attempted to file with the justice. The right to file the petition was disputed, and the justice refused to entertain it. At this stage of the proceedings, a notice under the statute having been issued to the railroad company to show cause why final judgment should not be entered against them, judgment against the company was rendered in favor of the plaintiff for $55.10, with the costs, making a total judgment of $89.20. Appel & Pope, who sought to intervene and claim the money, attempted to take an appeal from the refusal of the justice to entertain their petition, an appeal was allowed, and the cause went to the county court, where a motion was made by Whalen to dismiss the appeal, which was denied. The court took jurisdiction of the case, heard it upon the merits as to the intervenors, and finally entered judgment for them for all the money due from the company to McMahon.

It is apparent from this statement that the judgment of the county court cannot be maintained. Whatever right third parties may have to property which has been seized under a writ of attachment issued by a justice of the peace must be asserted before the trial of the main action. Gen. St. 1883, § 2011. This section plainly and distinctly limits the exercise of that right to a time antecedent to the trial of the action. It is thus evident that the justice was right in refusing to entertain the petition of intervention. It is equally clear that the motion to dismiss the appeal should have been granted. The intervenors, Appel & Pope, were without standing in court. They had never become parties to the suit, and were without right, either of contest or appeal. Id., §§ 1988–2011; *Downing v. Florer*, 4 Colo. 209.

Since the case must be reversed, and further litigation over the fund is likely to ensue, the error which it is appar-

ent the court committed in disposing of the merits of the suit will be considered.

The answer which the railroad company filed in the justice's court, in response to the garnishee process, set up an assignment from McMahon to Appel & Pope, of which they had notice. Of course, it was their duty, as well as their privilege, to set up this assignment, and protect themselves from any liability which they otherwise might incur if they simply answered an indebtedness to McMahon, and judgment should be rendered against them. The court, however, took an erroneous view of the rights growing out of the assignment, as between the railroad company, the assignees, Appel & Pope, and the attaching creditor. The testimony which was introduced on the trial made it plain that the assignment which was executed by McMahon, to his grocers, Appel & Pope, was an assignment as security for whatever debt might be contracted between the assignor and the assignee, upon the sale of goods during the month for which the wages were assigned. In other words, the assignment was not an absolute assignment for a valuable consideration of the whole sum; but was a transfer to the grocers of so much of his money as might be necessary to liquidate any claim which they might have against him for goods delivered before the end of the month. The evidence before the court substantially was that the indebtedness to be protected by the assignment amounted to less than $25, while the amount due by the railroad company was upwards of $113, the excess being enough to satisfy the attaching creditor's debt. Under these circumstances, while the railroad company would have the right in the garnishment proceedings to protect themselves from the effect of the assignment, it was equally the right of the attaching creditor to show the nature, character and extent of the transfer, in order that he might have judgment against the garnishee for whatever excess there might be over Appel & Pope's claim. According to the testimony, what was due from the railroad company was enough to cover both debts.

Under these circumstances, had the appeal been properly taken, the judgment of the county court was wrong; for it should only have gone to the extent of holding that Appel & Pope, by virtue of their assignment, had the right to take enough of the claim against the railroad company to satisfy the debt which might be due to them from McMahon.

The judgment should be reversed and remanded, with directions to the county court to dismiss the appeal.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is reversed and the cause remanded, with directions that the county court dismiss the appeal.

                                                    *Reversed.*