Wilson, J.
This was an action of debt to recover the sum of $96.00 on an account, and was commenced by appellee as plaintiff before a justice of the peace. Upon the trial, the justice becoming satisfied from the evidence that he was without jurisdiction, dismissed the suit at the cost of plaintiff. An appeal was taken to the county court. On trial there, the plaintiff testified that he and the defendant had entered into a joint-arrangement to cut and put up hay together during the haying season. Each party was to share and pay half of *344 all expenses and losses, and the hay and all profits were to be equally divided. The account sued upon was a balance claimed by him to be due from the defendant on account of this transaction. The agreement and subsequent conduct of the parties as detailed by the witnesses, clearly constituted a partnership. Parsons on Partnership, § 65. There having been no settlement of accounts between the partners, the only-remedy of plaintiff was by an action for an accounting. Bowzer v. Stoughton, 119 Ill. 47; Bullard v. Kinney, 10 Cal. 62; Parsons on Partnership, § 199 et seq.
A justice of the peace in this state has no jurisdiction except that given to him by statute, and none being given to him in equity proceedings, the justice was clearly without jurisdiction of the subject-matter of this suit. Corthett v. Mead, 19 Colo. 391. This being the case, the county court acquired no jurisdiction of the case on appeal. Downing v. Florer, 4 Colo. 210. In that case it was expressly held, “ The county court can only take cognizance by appeal of causes from justices of the peace which were rightfully commenced there. If the justice had no jurisdiction, the appellate court acquires none by appeal.” In fact, it is expressly provided by the statute that upon the trial of all appeals from the justice to the county court, if it shall appear that the justice had no jurisdiction of the subject-matter of the suit, the same shall be dismissed at the cost of the plaintiff. Gen. Stats, sec. 1988. The court should therefore have unquestionably sustained the motion of the defendant made after the plaintiff had offered his testimony, that the suit be dismissed at the cost of plaintiff. The denial of this mcition was error, and for this reason the judgment must be reversed, and the cause remanded with instructions to enter a judgment of dismissal at the costs of plaintiff.

Reversed.