[*No. 2032.*]

## ROSENGRAVE v. CLELLAND.

JUSTICE OF THE PEACE—JURISDICTION—EQUITY—APPEAL.

A justice of the peace has no equitable jurisdiction. And where an action was brought before a justice of the peace upon a covenant in a deed to pay taxes, and defendant interposed a defense requiring affirmative equitable relief in the reformation of the deed, the justice of the peace had no jurisdiction and the county court acquired no jurisdiction on appeal.

*Appeal from the County Court of Fremont County.*

Mr. Jos. H. MAUPIN, for appellant.

Mr. SAMUEL P. DALE, for appellee.

GUNTER, J.

This action, originating in a justice court upon a covenant in a warranty deed against taxes, is here from a trial on appeal in the county court. The defense was, that the deed was made in pursuance of a written contract between the grantor therein and a third party; that such contract was assigned to and assumed by the grantee in the deed, the plaintiff below, the appellee here; that such contract contained a provision obligating the contractee to discharge the taxes here in question; that such clause should have gone into the warranty deed, and that by mistake it was omitted therefrom and the clause obligating the grantor to discharge such taxes included therein; that such facts entitled appellant to a reformation eliminating such covenant for payment of taxes from the deed and were, therefore, a defense hereto. This equitable defense requiring affirmative relief could be entertained only in a court having equitable jurisdiction. A justice of the peace has no equitable jurisdiction under the laws of Colorado. *Robinson v. Compher*, 13 Colo. App. 343; Am. & Eng. Ency. of Law, vol. 18, p. 31.

This true, the county court acquired no jurisdiction of the defense on appeal.  *Robinson v. Compher, supra.*  Judgment affirmed.

*Affirmed.*