[No. 6543.]

DUNKLE v. FRENCH.

1.  APPEAL—*Presumptions*—Uncertainties in the record will be resolved in favor of the party successful below; *e. g.,* as to

whether an averment essential to the jurisdiction of the court below, appearing by interlineation in the complaint, was therein, when it was originally filed—(172).

2. PLEADING—*Construction*—Where a complaint in the county court contains the averment required by the statute that the value or amount involved does not exceed $2,000, it is not to be said that it, upon its face, excludes the jurisdiction of that court, even though the statutory averment as to the amount involved is preceded by an *ad damnum* clause, in $2500—(173).

3. APPEALS—*Harmless Error*—An absolute judgment for money, in an action of claim and delivery, will not be reversed where, upon a proper judgment, the appellant will be chargeable in a larger sum—(174).

*Error to Arapahoe District Court*—HON. FLOR ASHBAUGH, Judge.

MR. GEO. F. DUNKLEE and MR. GEO. Q. RICHMOND for plaintiff in error.

No appearance for defendant in error.

Mr. JUSTICE MUSSER delivered the opinion of the court.

The plaintiff below, who is defendant in error, began an action in the County Court of Arapahoe County, claiming the delivery to him of certain horses. The allegations of the partly typewritten complaint, that appear with certainty from the record, were substantially that plaintiff was the owner and entitled to the possession of the horses, describing them; that they were of the value of $1,000.00; that the defendant was in possession of the horses and wrongfully detained them from plaintiff; that the plaintiff demanded of the defendant the return of the horses, and that defendant failed and refused to return them, to plaintiff's damage in the sum of $2,500.00. The prayer of the complaint was for the possession of the horses, or their value, $1,000.00, if possession could not be given, and for

$2,500.00 damages. The record leaves some things in doubt and uncertainty. This is a matter that plaintiff in error could have controlled and corrected, but he appears content to leave it so. Several things in the record show circumstantially that, in the original complaint, there appeared, just before the prayer, an allegation written with a pen, in these words: "The value of the property in controversy, or the amount involved, for which relief is sought, does not exceed the sum of $2,000.00." The best that can be said for plaintiff in error is that it is not certain from the record whether this allegation was or was not in the original complaint, filed in the county court. Two juries have found that the plaintiff was entitled to the possession of the horses. The uncertainty in the record cannot be resolved so as to work a reversal of the judgment, but rather so as to sustain it. It will, therefore, be taken that the allegation was in the original complaint. On this complaint, the action was tried in the county court. Judgment was for plaintiff. The defendant appealed to the district court, and at once filed a motion to dismiss the action on the ground that the court was without jurisdiction, alleging that it appeared on the face of the complaint that the amount sought to be recovered exceeded the jurisdiction of the county court. This motion was sustained, and the action was dismissed. Thereafter, in apt time, and for statutory reasons, the plaintiff, on motion, was relieved of this order. The same was vacated and the action reinstated. Plaintiff was permitted to amend his complaint by striking out the words "Twenty-five hundred dollars" in the *ad dammum* clause, and later on by inserting $700.00. The defendant again moved to dismiss the action for want of jurisdiction, contending that the district court had no power to permit an amendment that would bring the action within the jurisdiction of the county court. The motion was denied. Trial was

had to a jury, and plaintiff prevailed. The defendant has brought the matter here for review upon a writ of error.

It is not necessary to notice the contention that the district court was without jurisdiction, and could not, by an amendment of the complaint, acquire jurisdiction if the county court had none. As has been seen, the complaint contained the averment that the value of the property in controversy, or the amount involved, for which relief was sought, did not exceed the sum of $2,000.00. This averment, or as said in *Hughes v. Brewer,* 7 Colo. 583, its equivalent, is required by Sec. 1527 Rev. Stat., in order to give the county court jurisdiction. When a complaint contains the jurisdictional averment that the statute requires in order to give jurisdiction, it is certainly plain that the averment was put in for the express purpose of limiting the action to the jurisdiction of the court, and it is safe to say that it would so limit it, at least until the averment is overcome by evidence. This never happened either in the county or district court. The verdict of the jury, in each court, found that the value of the horses and the damages for their detention, combined, were much less than $2,000.00. Though the *ad damnum* clause alleged the amount of his damage to be $2,500.00, it was immediately followed by the jurisdictional averment, specifically limiting the action to the jurisdiction of the county court, as required by statute, which undoubtedly would have the effect of limiting the recovery sought to the jurisdiction of the county court. At most, the complaint was ambiguous on this point. The defendant did not object to this ambiguity in a manner and at a time when it could have been objected to and corrected. It cannot be said that the complaint showed on its face that the action was one exceeding the jurisdiction of the county court when it contained an averment expressly limiting it to that jurisdiction. As the original

complaint, before the amendment, limited the recovery sought to the jurisdiction of the court, the defendant was not prejudiced by the amendment, which still farther reduced the recovery sought to less than the jurisdiction of the court.

The judgment in this case was, that the plaintiff do have and recover of and from the defendant the sum of $420.61, together with his costs. The defendant complains of this because it is not in the alternative for the return of the property, or its value in case it could not be returned. It appears from the record that the horses were not taken from the defendant on the writ; but that the defendant gave a redelivery bond and retained them. It may be that the court found that the horses, for some reason, were thereafter returned. It must not be understood that we intend to intimate that the judgment in actions for claim and delivery must, in all cases, be in the alternative. In order to agree with the plaintiff in error, as far as possible, and to avoid unnecessary contention, it will be assumed that this judgment was technically wrong. In looking at the verdict upon which the judgment was based, it is discovered that the verdict contains all the elements necessary to the entry of a proper judgment. In it, the jury found the issues in favor of the plaintiff; that, at the time of the commencement of the action, he was entitled to the possession of the horses described in the complaint; that they were of the value of $420.00, and assessed damages for their detention in the sum of $420.61. Under the authority of *Duffy v. Wilson*, 44 Colo. 340, a correct judgment might be enrolled in this court, or a reversal ordered, and the cause remanded with directions to the court below to enter it. If this would be done, the judgment would be for the return of the horses, or, if return could not be made, for the payment of $420.00, their value; and that plaintiff have and recover $420.61 damages, together with costs of

suit. This is the way the defendant says the judgment should have been entered. In that case, he might have to pay about twice as much as under the present judgment, and, unless he is very insistent that he be required to do so, as the plaintiff is not here complaining about the judgment, it will be, and is affirmed.

*Judgment affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE GARRIGUES concur.