[No. 6738.]

## STARRETT V. RUTH.

1. JUSTICE OF THE PEACE—*Jurisdiction—Partnership Accounts*—A justice of the peace has no jurisdiction to settle the accounts of a partnership—(584).

Ambiguous testimony held to establish that, as to a portion of the claim asserted by plaintiff, it arose out of partnership transactions—(585).

2. INSTRUCTIONS—*Construction*—Instructions are to be taken as a whole. A partial and insufficient statement of the law in one point of the charge may be supplemented by what is set down in another—(586).

- 3. Practice In the Supreme Court—*Partial Error*—The judgment of the court below being erroneous in part the cause was remanded with directions to that court to modify its judgment, and as so modified it was ordered to stand affirmed.

The plaintiff in error was allowed his costs upon the writ of error—(587).

*Error to Rio Grande County Court*—Hon. Alden Bassett, Judge.

Mr. Ira Bloomfield for plaintiff in error.

Mr. James P. Veerkamp for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

The defendant in error instituted this action before a justice of the peace. Upon appeal to the county court judgment was in his favor for $133.33; the plaintiff in error brings the case here for review upon error.

It stands admitted that as tried before the justice of the peace the action included items of, and an accounting pertaining to, a partnership existing between the parties. At the trial in the county court, upon objection, some of these partnership items were eliminated; the court correctly held that a settlement of partnership accounts is an equitable matter over which a justice of the peace has no jurisdiction and that in such case the county court was without jurisdiction over them upon appeal.—*Robinson v. Compher,* 13 Colo. App. 343.

Regardless of this ruling, the plaintiff thereafter was allowed to prove that he had paid the defendant $100 under a written agreement which, in substance, stated by virtue of said payment, that plaintiff became the owner of one share of stock of the par value of $100, in The Bellevue Baking Company. The agreement further provided that the plaintiff was to

act as foreman of said bakery, etc., and was to receive one-half of the net profits of everything baked and sold; said bakery was to be opened as soon as practicable. It further provided that at a subsequent date plaintiff was to pay said company an additional $100 at which time he was to own a one-third of said bakery business and to have one-half of the net profits. This contract stated that it was to remain in force as long as mutually agreeable and could only be terminated by death, disability, or by mutual agreement of all parties interested.

The evidence discloses that at the time of the execution of this contract, and the payment of this $100, no such a corporation as therein named had ever been formed and that no such was thereafter created, but, regardless of this, that the parties opened up such an establishment upon some kind of a partnership basis. The particular arrangements under which they were to act are not disclosed.

The plaintiff testified, that he paid the $100 named in the contract, to become a part owner in the bakery business, and that he gave his work and this $100 to get a one-half interest; that he was to pay $100 more which was not yet due; that he did not expect the $100 to be paid back until the bakery business was settled up; that there had never been any settlement between them; that he claimed a one-half interest in the goods on hand as part owner in the business and also a half interest in the net profits of the sales. The plaintiff's judgment included this $100.

Instructions were given upon the theory that if the defendant had never delivered this share of stock the plaintiff could recover for the $100 paid; that it was no part of the partnership transaction. In this the court erred. While the contract is somewhat ambiguous, the evidence discloses that it was a part

of the partnership transaction; that the plaintiff so treated it and upon the strength of this payment entered into the partnership business and so continued until certain difficulties arose between the partners.

The remainder of the judgment, $33.33, was for labor performed by the plaintiff at the instance and request of the defendant. It is admitted that this item had no connection with the partnership matters. The defendant disclaimed any liability for the reason, as he alleges, that these services were performed for his wife and not for him; that while he hired the plaintiff, he did so as his wife's agent. He complains of instruction No. 1 given upon this subject. It reads as follows:

"The court instructs the jury that if you find from the evidence in this case that the defendant employed plaintiff to work in the restaurant and did not disclose to the plaintiff that he was not the owner, then and in that event the plaintiff could hold the defendant in law for his pay."

It is claimed this instruction is faulty in that it ignores the fact that the plaintiff may have known who owned the restaurant, and, that although the defendant did not disclose to the plaintiff that he was not the owner, yet if the plaintiff knew this fact and knew that he was being hired to work for some one else, he could not recover against defendant. It is unnecessary to determine this question for the reason that another instruction was given which included everything contended for by the defendant on this question. The part pertinent reads:

"If the jury finds from the evidence that the defendant was simply the manager of the Bellevue Cafe or Restaurant and was not the proprietor and that fact was known to the plaintiff then he could not bring suit against the agent or manager, but should bring suit against the proprietor."

Instructions are to be considered as a whole and when these are so construed, even if defendant is right in his contention pertaining to instruction No. 1, it was cured in the giving of the other. We find no error in this respect, if any question can be raised concerning them it would be whether they were not more liberal to the defendant than he was entitled.— *Hewes v. Andrews et al.,* 12 Colo. 161.

It follows that there was no prejudicial error pertaining to the item for labor performed by the plaintiff at the instance and request of the defendant in the sum of $33.33. The plaintiff was entitled to a judgment for that amount with his costs of suit. That portion of the judgment for the $100 connected with the partnership transaction is erroneous.

The judgment will be modified; the cause will be remanded with directions to modify the judgment in accordance with the views herein expressed, and as so modified it will stand affirmed. The plaintiff in error is entitled to recover his costs in the prosecution of this writ of error.    *Modified and Affirmed.*

Mr. JUSTICE MUSSER and Mr. JUSTICE GABBERT concur.