No. 9664.

### DUNKLE ET AL. *v.* HAIGHT.

1. JUDGMENT—*Collateral attack.* Action against the principal and sureties in a redelivery bond given in an action of replevin. Judgment for plaintiff. One of the sureties having paid the judgment brought his action against the principal and the other sureties, demanding of the principal the full amount of payment, and of the sureties contribution. *Held* that the defendants were not permitted to question the judgment in replevin.

2. SURETIES—*Contribution.* Judgment was recovered on a redelivery bond against one of the sureties therein. Having paid the judgment he was entitled to contribution from his co-sureties, though they were not served with process nor made appearance in action on the bond.

3. REDELIVERY BOND—*Assignment by sheriff*, is not required in order
   to bring action thereon by one otherwise entitled to such action.

And the judgment thereon is conclusive evidence of the assignment,
   if necessary.

4. LIMITATIONS—*Surety how affected.* As to a surety seeking contribution, from his co-sureties the statute of limitations does not begin to run, until discharge of his liability as surety by payment.

*Error to Douglas County Court, Hon. John Anderson, Judge.*

Mr. GEORGE V. DUNKLEE, and Mr. EDWARD V. DUNKLEE, for plaintiffs in error.

Mr. HORATIO S. RAMSEY, Mr. J. ERNEST MITCHELL, Mr. PAUL M. CLARK, for defendant in error.

Mr. Justice Scott delivered the opinion of the court.

THE complaint by R. D. Haight, defendant in error, alleges that S. W. French, on November 28, 1903, instituted an action in replevin against John L. Dunkle, plaintiff in error, to recover certain horses; that the said defendant gave a forthcoming bond and retained possession of the horses, with W. C. Kelly and R. D. Haight as sureties; that French obtained judgment against Dunkle in the County Court, and upon appeal, he obtained judgment in the District Court, on the 25th day of March, 1908, in the sum of $420.61 with costs, which judgment was affirmed by this court. *Dunkle v. French*, 51 Colo. 170, 116 Pac. 1039.

Afterwards the said judgment was assigned by French to Clark Blickensderfer, who, on the 24th day of July, 1912, instituted suit against Dunkle, Kelly and Haight to recover on the redelivery bond, and obtained judgment thereon April 3rd, 1913, in the sum of $685.00 and costs. Execution was issued thereon and levy made upon the property of Haight, the plaintiff in this suit. Haight then paid the judgment, in the sum of $704.70 on the 23rd day of September, 1913, and he now brings this suit for the recovery of the full sum paid on the judgment from Dunkle and for

contribution on the part of Kelly. Judgment was rendered accordingly, from which the defendant Dunkle brings error.

The contentions of the defendants are: 1. That they were not served with summons in the case of Blickensder-fer against them, and made no appearance therein, and therefore the court was without jurisdiction, and for such reason the judgment was void as to them. 2. That as Haight has paid the judgment, it has been fully satisfied. 3. That the sheriff, Charles Gallagher, to whom the rede-livery bond ran, has made no assignment thereof to the plaintiff or any other person, and for such reason the plaintiff has no right to maintain an action thereon. 4. That more than six years had elapsed since the defendants executed the bond, and the action is therefore barred by the statute of limitations. 5. That the judgment in replevin was not made in the alternative and for such reason recovery could not have been properly entered on the bond.

The plaintiff was not a party to the action in replevin. If the form of the judgment was irregular, the place to correct it was in the Supreme Court when it was reviewed. It is now *res judicata.* It cannot be attacked in this independent proceeding. *McCarthy v. Strait,* 7 Colo. App. 59, 42 Pac. 180.

It is immaterial, in so far as it affects this suit whether or not the defendants were served or appeared in the suit on the replevin bond. The judgment was valid as against Haight and he was compelled to and did pay it. He is therefore entitled to recover from the principal and to contribution from his co-surety.

It was not necessary that the sheriff, the mere nominal obligor in the bond, should assign it. The plaintiff was the real party in interest and may bring suit in his own name to enforce it. The sheriff could have no possible interest in it, and it was for the exclusive benefit of the plaintiff. But in this case, even if an assignment was necessary, the judgment is a conclusive presumption that this requirement was met. There is no evidence to the contrary.

As to the statute of limitations, it is universally held that so long as a guarantor is legally liable upon his guaranty, he may pay the claim and seek contribution from his co-guarantors, and that the statute does not commence to run as to him until he has paid the claim, for, until such payment, he has no right to exact contribution.

Counsel cite no authority to support their contention.

The judgment is affirmed.

Garrigues, C. J., and Burke, J., concur.