## No. 13,158.

NORTH DENVER TRANSFER AND STORAGE COMPANY ET AL. *v.* BAYLOR ET AL.

(14 P. [2d] 490)

Decided September 12, 1932.

Messrs. Moffett & Hitchcock, Mr. Edward R. Gilliam, Mr. James L. Weinmeyer, for plaintiffs in error.

Mr. Ira C. Rothgerber, Mr. Walter M. Appel, for Securities Corporation, defendant in error.

*In Department.*

Mr. Chief Justice Adams delivered the opinion of the court.

This case is before us on writ of error to the county court on application for supersedeas and is submitted upon an agreed record; it involves attachment proceedings supplementary to money demands.

The action was originally commenced on January 29, 1932, before a justice of the peace, by the North Denver Transfer and Storage Company against D. M. Baylor, doing business under a firm name. The claim of the plaintiff transfer company is in the sum of $275, and on the above date it caused a constable to levy an attachment on a Ford truck. The summons was made returnable on February 5, and on that day the cause was continued for 20 days, or to February 25, pursuant to section 6096, C. L. 1921. It was thereafter further continued from time to time to March 17.

Other creditors intervened in attachments before the justice court as follows: On February 2, the Auto Equipment Company with a claim of $51; February 16, the Red Dot Oil Company with a claim of $75; and on March 14, the Securities Corporation with a claim of $648.72. Upon the filing of the last mentioned intervention, the justice of the peace certified and transmitted all papers to the county court; they were filed there on the following day.

On March 19, in the county court, the transfer company moved to dismiss all matters of the intervention of the Securities Corporation and to remand the cause to the justice of the peace for lack of jurisdiction in the county court. On March 21 the Red Dot Oil Company also moved to remand and demurred to the intervention of Securities Corporation on the same ground. The county court overruled these motions and the demurrer. The defendant Baylor defaulted for failure to appear in either court. The transfer company and the first two interveners named prosecute error against Baylor and the Securities Corporation.

. Plaintiffs in error contend that under section 6096, C. L. 1921, the Justice Court Act limits the rights of creditors to intervene in attachment to a period within 20 days after the return day of the summons. The Securities Corporation, to the contrary, argues that it was within its rights in intervening in the justice's court at any time before trial, and that since its claim as an attaching creditor exceeded the jurisdiction of the justice's court exclusive of costs, it became the duty of the latter court to certify and transmit all papers to the county court by virtue of section 6099, C. L. 1921.

In *Whalen v. McMahon,* 16 Colo. 373, 26 Pac. 583, we held that an intervention in attachment before a justice of the peace could come at any time before trial, but this was under section 2011, General Statutes 1883, and we said on page 374 of the opinion that ''This section plainly and distinctly limits the exercise of that right to a time antecedent to the trial of the action.'' An examination of that old statute will corroborate the above quotation, but since that decision was rendered the above statutory provision has undergone several legislative changes; first, under section 2, chapter 1, Session Laws 1894, of an act to amend the attachment laws in justices' courts. In the 1894 act there was no express limitation as to the time of intervention, but the legislature apparently soon noticed the omission, and the last named sec-

tion was amended by section 1, chapter 28, page 113, Session Laws 1897. This is the present law, section 6096, C. L. 1921, which contains the limitation of 20 days.

■ *Whalen v. McMahon, supra,* faithfully interprets the law as it then existed, and we must give the same credence to the amendment. It amounts to a statute of limitation which bears evidence of thorough consideration by the legislature. It is true that the claim of Securities Corporation exceeded the jurisdiction of the justice's court, but not having been filed within the time required by section 6096, the intervention was void as to plaintiff and other attaching creditors, and there was nothing for the justice of the peace to certify to the county court under section 6099. The two sections must be construed together, otherwise it would tend to render the 1897 amendment meaningless.

■ "The jurisdiction of a justice of the peace is purely statutory." *Corthell v. Mead,* 19 Colo. 386, 391, 35 Pac. 741; *Robinson v. Compher,* 13 Colo. App. 343, 344, 57 Pac. 754. He cannot allow an intervention against the inhibition of law, nor prematurely certify a cause to the county court that he himself should try. We conclude that the justice of the peace erroneously surrendered his jurisdiction, and that the county court erroneously assumed it.

Decisions under the Code of Civil Procedure are cited, but they relate to attachments initiated in the courts of record and are not in point.

The judgment is reversed and the cause remanded with directions to issue a writ of procedendo to the justice's court containing instructions to disallow the intervention of Securities Corporation.

MR. JUSTICE CAMPBELL and MR. JUSTICE ALTER concur.