88

No. 17,472.

HARTMAN *v.* MARSHALL.
(279 P. [2d] 683)

Decided January 31, 1955.

Messrs. PHELPS, FONDA & HAYS, Mr. GARRETT FONDA, for plaintiff in error.

No appearance for defendant in error.

*En Banc.*

MR. JUSTICE LINDSLEY delivered the opinion of the Court.

We will hereinafter refer to the parties to this action

according to their designation in the small claims court and county court which is the reverse of their present appearance in this Court.

This case is a tort action arising out of an automobile collision which occurred in Pueblo, Colorado, on October 27, 1953. The action was commenced by plaintiff filing an affidavit in the small claims court of Walter J. Christman, justice of the peace, wherein she alleged that defendant was indebted to her in the sum of $33.49 as a result of damages to her automobile. Pursuant to such affidavit an order to show cause was issued by the small claims court.

A special appearance was made in the small claims court by the defendant through his attorneys by way of a motion to dismiss for lack of jurisdiction, which motion was overruled by the court, and subsequently a default judgment was entered in favor of plaintiff for $33.49.

Defendant appealed to the county court where he again filed a motion to dismiss for lack of jurisdiction, and to this motion plaintiff filed what she termed "Resistance to Motion and Motion to Dismiss."

It was orally stipulated between the parties that the motions would be argued to the court; the production of evidence would be waived; and judgment be entered according to the court's ruling as to the jurisdiction of the small claims court; whereupon the county court entered judgment for the plaintiff, and defendant, seeking reversal thereof, brings the case here by writ of error.

The question thus clearly presented is whether or not the small claims court has jurisdiction to hear and determine actions in tort and assess damages therein, and our answer to this question is that the small claims court does not have such jurisdiction.

The general law is that the inferior courts created by statute have only such jurisdiction as is conferred upon them by statute, and in this case the statute creating the small claims court expressly so states. C.R.S.

'53, C.127-1-1, Ch. 149 A, Sec. 1, C.S.A. 1935. Said section reads as follows: "There is hereby created and established in each of the several counties of this state, a court of inferior jurisdiction to be known as the small claims court. The justices of the peace in their several counties and precincts shall sit as judges of said courts and exercise the jurisdiction hereby conferred in all cases arising under the provisions of this article * * *."

The jurisdictional provision immediately following reads as follows ('53 C.R.S., C.127-1-2): "The small claims court shall have and exercise jurisdiction in all actions for the recovery of money only where the amount involved, exclusive of costs, does not exceed the sum of fifty dollars * * *."

Counsel for plaintiff contended below that if the judgment rendered in the small claims court, and the prayer therefor, did not exceed the sum of fifty dollars, jurisdiction obtained and that this alone was the test. We cannot agree with this contention.

It is, and has long been, the law that there is a distinction between tort actions, wherein the court passes first on the question of liability and then assesses the damages, and actions ex contractu such as money demands, wage claims, liquidated claims or claims the amount of which is easily ascertainable, and similar actions ex contractu. It is to this latter class of actions that the jurisdiction of the small claims court attaches.

The jurisdicion to determine tort actions is specifically given to justices of the peace in justice court actions by separate provisions of the statute, and the jurisdiction of justices of the peace has by this Court been held to be purely statutory. *North Denver. Transfer & Storage Company v. Baylor,* 91 Colo. 295, 14 P. (2d) 490; *Corthell v. Mead,* 19 Colo. 386, Pac. 35, 741; *Robinson v. Compher,* 13 Colo. App. 343, 344, Pac. 57, 754. The authority to determine tort actions is lacking in the statute creating the small claims court. This illustration fortifies our construction herein that the statute in question

refers to the recovery of money claims only, and not claims of every kind and description, wherein the relief sought is a money judgment of not to exceed the sum of fifty dollars ($50.00).

C.R.S. '53, 127-1-3, (Section 3, Chapter 149A, '35 C.S.A.,) provides as follows: "Actions shall be commenced in the small claims court, under the provisions of this chapter, by the claimant, or by the personal representative of a deceased claimant, who shall make an affidavit in substantially the following form: * * *

A.B., being first duly sworn, upon oath deposes and says: That C.D., whose postoffice address is————— —————Street, —————————, Colorado, is justly indebted to him in the sum of—————————dollars and —————————cents ($——) for ————————— between —————————, 19——, and —————————, 19——; and that there are no setoffs or counterclaims existing in favor of the defendant and against the plaintiff, except—————————————.

Subscribed and sworn to before me this ——day of —————————, 19——."

■ It will be noted that the language here employed is "justly indebted to him in the sum of————————— dollars and—————————cents ($——)", again indicating an expression by the legislature that the type of action referred to, in which the small claims court has jurisdiction, is one ex contractu.

For the above reasons the judgment is reversed and the case remanded to the county court with instructions to dismiss the action.