Opinion by
Mr. Chief Justice 'Sutton.
1960 Perm. Supp., C.R.S., Section 37-11-2 (as amended), sets out the jurisdiction of the Superior Court of the City and County of Denver in pertinent part as follows, to wit:
“(2) Such superior courts shall have original jurisdiction concurrent with county courts in all civil and criminal actions, suits, and proceedings whatsoever, where the debt, damage, or claim, or value of the property involved in such civil actions shall not exceed two thousand dollars, * *
The record discloses that on April 25, 1963, American Credit Company, as assignee, filed its complaint in the Superior Court against Mr. and Mrs. James F. Neely which alleged:
“1. That it does not seek relief in excess of the sum of Two Thousand ($2,000.00) Dollars.
“2. That the plaintiff is the assignee of the note which the defendants made, executed and delivered to St. John’s Military School, Inc. on March 30, 1957, for the amount of $1,765.92, and upon which defendants has (sic) owed a balance of $1,765.92 which has been due since June, 1957, together with interest thereon at 6% per annum.
“WHEREFORE, Plaintiff prays judgment against the defendant for $1,765.92 plus interest at 6% per annum from June, 1957, together with the costs of this action.”
Judgment by default in the amount of $2,000 was thereafter taken by American in accordance with proper procedure. The Neelys subsequently attempted to have the judgment set aside on the sole ground that the sum prayed for actually exceeded the court’s two thousand dollar jurisdictional limit. Their reason is that if all the interest due was added to the principal sum claimed, *370 it would exceed two thousand dollars. We note here that the affidavit filed by American, upon which the court acted, recited that the principal sum due was $1,765.92 and the interest due was $234.08, making a total of $2,000. We further note that no allegation was made by the Neelys of any other defense to the claim; and, that their Motion for a New Trial was also denied.
Having failed to convince the trial court of any mistake, the Neelys seek appellate relief asserting the same ground of error. We, however, also find no merit to their contention.
Where a complaint, as here, shows on its face an averment of the monetary amount expressly limiting the jurisdiction of the trial court, it is not open to attack on the ground that the prayer may ask for a greater sum. Dunkle v. French, 51 Colo. 170, 116 Pac. 1039 (1911). The cases of Hartman v. Marshall, 131 Colo. 88, 279 P.2d 683 (1955) and Bloomer v. Jones, 22 Colo. App. 404, 125 Pac. 541 (1912) relied on by the Neelys are not in point. The former involved an attempt to try a tort action in a small claims court; and the latter, was a quiet title action where no allegation was made as to the value of the land.
In an action, in a court of limited jurisdiction, where the judgment entered is within the statutory limits, and the jurisdictional amount is also set forth in the complaint, a defendant cannot complain if a plaintiff seeks and obtains less relief than the latter may theoretically be entitled to on a promissory note. The net result is a benefit to the defendant — not a detriment — and jurisdiction is not an issue.
The judgment is affirmed.
Mr. Justice Moore and Mr. Justice Schauer concur.