MR. JUSTICE LEE
delivered the opinion of the Court.
This is an original proceeding requesting relief in the nature of prohibition. We issued our rule to show cause. Response thereto has been filed and the matter is now at issue. Having considered the merits, we now discharge the rule.
Petitioners are defendants in civil action No. S-74647 in the Superior Court in and for the County of Denver. They challenge the jurisdiction of the superior court to continue with the action, contending that plaintiffs claim for relief exceeded in amount the statutory limitation set forth in section 13-7-102(2), C.R.S. 1973, which provides:
“(2) The superior courts have jurisdiction concurrent with the district courts in all civil action's, suits, and proceedings whatsoever where the debt, damage, or claim, or value of the property involved, in such civil actions shall be more than five hundred dollars, but shall not exceed five thousand dollars; * *
Section 13-7-103(2) requires that if the amount sought in the complaint or in a counterclaim exceeds the jurisdiction prescribed above, the superior court shall transfer the action to the district court.
Petitioners contend respondent court erred in denying their motion to have the action certified to the district court under the foregoing provisions and that the court is without jurisdiction to proceed further in the action, other than to certify it to the district court.
We do not agree with petitioners’ assertions and therefore discharge the rule.
The record has been certified to this court. Our review thereof reveals that the complaint was initially filed in March of 1974, and in paragraph 1 thereof contained an allegation “* * * That the amount of the controversy is not less than $500.00 nor more than $5,000.00.” In paragraph 4 of the complaint, the substantive allegation claimed compensatory damages of $3,200 and exemplary damages of $3,200, or a total claim of $6,400. *343 No motions were initially directed to this apparent ambiguity. Defendants (petitioners here) answered the complaint, admitting the jurisdictional allegation of paragraph 1.
Thereafter, trial to the court commenced on July 2, 1975. Defendants filed a motion to transfer the action to the district court, contending that the amount sought in the complaint exceeded the jurisdiction of the superior court. The court, over objection, permitted plaintiff to correct the ambiguity as to the amount claimed, by interlineation to comport with the statutory maximum. This was done by reducing the claim for exemplary damages to $1,800, thus making a total claim for compensatory and exemplary damages of $5,000. It was clear to all parties that plaintiffs claim did not exceed the $5,000 jurisdictional limitation.
In the course of the trial, during the afternoon of July 3, the court on its own motion continued the trial to September 19. Plaintiff moved to join an additional party defendant and to file an amended complaint. The court granted the motion and allowed the newly joined defendant an opportunity to plead to the amended complaint, and the continuation of the trial was reset for December 5, 1975.
Motions were again filed, directed to the jurisdiction of respondent court, based upon the allegations of the amended complaint, which were substantially in the same form as those of the corrected initial complaint. Defendants also sought other relief from the rulings of the court concerning joinder of the additional party defendant and for alleged due process irregularities. Trial was again suspended, pending determination of these motions, all of which were resolved adversely to defendants. This original proceeding was then initiated.
We limit our discussion solely to the jurisdictional contention. The alleged procedural irregularities are not properly before this court in this original proceeding and are left to the ordinary appellate remedy.
Petitioners’ principal argument that the amended complaint seeks relief in excess of the jurisdictional limit is predicated on an allegation of the third claim for relief. This particular claim avers that “* * * plaintiff has suffered compensatory damages in the sum of $3,200.00, and has been required and will be required to expend attorney’s fees for the prosecution of this action, in an amount as yet undetermined, and is entitled to an award of exemplary damages * * * in an amount of $1,800.00.” The argument, simply stated, is that plaintiff seeks, in addition to the $5,000 compensatory and exemplary damages, an undetermined amount of attorney’s fees, which would make the total claim in excess of the $5,000 jurisdictional maximum. We hasten to point out that plaintiff nowhere in the amended complaint seeks or prays for attorney’s fees.
A fair reading of the allegation does not justify the conclusion urged upon this court, and we do not so conclude. It is apparent that the claim for exemplary damages is partially based upon the necessity of *344 plaintiff to incur attorney’s fees in order to prosecute his claim against defendants. This is asserted as an item of proof which, along with the allegations of fraud and misrepresentation, forms the basis upon which plaintiffs claim for exemplary damages is founded.
Additionally, paragraph 1 of the amended complaint alleges that the amount in controversy is not more than $5,000. The ad damnum clause does not pray for damages in excess of $5,000. Cf. Neely v. American Credit Co., 159 Colo. 368, 411 P.2d 775.
For the reasons stated, we hold that respondent court has jurisdiction of this case, and accordingly we discharge the rule.
MR. JUSTICE HODGES does not participate.