No. 14,213.

Poudre River Oil Corporation *v.* Flake (Bennett
substituted).
(77 P. [2d] 1031)

Decided March 28, 1938.

Messrs. Morrissey, Mahoney & Scofield, for plaintiff
in error.

Mr. Chester A. Bennett, pro se.

*En Banc.*

Mr. Justice Bouck delivered the opinion of the court.

There are before us for review the dismissal of an appeal from a justice of the peace to the county court, and the refusal of the county court to dismiss the action itself.

 Flake, defendant in error, recovered a money judgment before the justice of the peace against the Poudre River Corporation, plaintiff in error, which duly perfected an appeal to the county court. The judgment of the justice of the peace was thus superseded, and the case stood in the county court for trial de novo. *McCreary v. Brady,* 26 Colo. App. 297, 143 Pac. 829; *Smith v. Clark,* 38 Colo. 89, 88 Pac. 636. Thereafter the case was repeatedly set for trial in the county court, but each setting was vacated for one reason or another. Finally on June 3, 1937, a hearing was had on Flake's motion to dismiss the appeal, and on the corporation's motion to dismiss the case itself. Both motions were based upon the ground of nonprosecution due to alleged lack of diligence in the adversary.

 Unlike *Hoy v. McConaghy,* 14 Colo. App. 372, 60 Pac. 184, the present case does not involve any court rule providing for dismissal. The county court refused to dismiss the case, but dismissed the appeal. Inasmuch as the corporation perfected its appeal, the case was pending in the county court for trial de novo, exactly as if it had been there commenced except for the absence of pleadings. Either party was at all times equally entitled to have the case again set for trial by proper application to the court. The Code of Civil Procedure provides ample means for bringing about the speedy trial of such a case on its merits. In view of the fact that there is no reliance upon any court rule which might define the conditions justifying dismissal of a case, no error appears in the refusal to dismiss this case on motion of the plaintiff in error corporation. The court erred, how-

ever, in dismissing the appeal. When once the case was properly lodged in the county court, the appeal could not be summarily dismissed. The original judgment of the justice of the peace could not be thus revived, for when a case is effectually appealed from a justice court it must thereafter be dealt with as is any other case pending in the county court. Because of this error the judgment must be reversed and the case remanded with directions that it be tried on its merits, upon a proper trial setting, either on motion of a party or of the court's own motion, with reasonable notice to the litigants or their attorneys.

Judgment reversed, and case remanded, with directions.