## No. 14,969.

## STANICH *v.* NORGARD.
(115 P. [2d] 642)

Decided July 14, 1941.

Mr. CARL W. BERUEFFY, for plaintiff in error.

No appearance for defendant in error.

*In Department.*

MR. CHIEF JUSTICE FRANCIS E. BOUCK delivered the opinion of the court.

THE judgment here under review is one entered by the county court of Boulder county on February 14, 1941, dismissing an appeal from a justice of the peace.

In justice court Norgard on August 1, 1938, recovered a judgment against Stanich for $194.80, including costs. Within the ten days prescribed by the statute Stanich filed an appeal bond duly approved by the justice. On August 11, 1938, according to the justice's transcript, the surety "withdraws from the bond."

The record does not even suggest that the bond was "adjudged informal or otherwise insufficient" under '35 C.S.A., vol. 3, c. 96, §148; in fact the bond itself is in the record, apparently good in both form and substance.

■■ The justice transmitted the bond together with his transcript and all other papers to the county court, and the docket fee was paid by Stanich in the latter court, all in compliance with the statute. Id., §§ 141 and 143. Moreover, on November 25, 1938, both parties entered their general appearance in the case when a formal setting of the case for jury trial was had for December 15 following. There is no justification for deeming the appeal bond to have been lawfully nullified or vitiated. Certainly the voluntary supplying of another bond on November 5 could not have that effect.

In view of the above stated facts the appeal was thus duly perfected. For some undisclosed reason the case was not tried on the date fixed; but on October 8, 1940, nearly two years later, a motion was interposed by Norgard for dismissal of the appeal on the grounds that the sole surety had withdrawn from the original appeal bond and that the second bond, voluntarily filed as aforesaid several months after rendition of the justice judgment, was not filed within ten days after such rendition. The county court sustained the motion and dismissed the appeal. In so doing the county court erred not only because under the circumstances the original appeal bond continued in full force and effect but be-

cause the motion for dismissal could not be entertained after the parties had each entered a general appearance as aforesaid.

The judgment of the county court is accordingly reversed and the case remanded to that court with directions to set aside the judgment and to proceed in regular course to a trial on the merits. See *Poudre River Corporation v. Flake,* 102 Colo. 169, 77 P. (2d) 1031.

Judgment reversed and case remanded with directions.

Mr. Justice Young, Mr. Justice Bakke and Mr. Justice Knous concur.